## Eliza Murray, Ex., et al. v. Abraham Brokaw, Adm.

1. MORTGAGES—*Release by Mortgagee on Payment—Application of the Statute*—Section 8 of Chapter 95, R. S., entitled "Mortgages," providing that every mortgagee having received full satisfaction of all sums due him from the mortgagor, shall at the request of the mortgagor, his heirs, legal representatives or assigns, enter satisfaction upon the margin of the record of such mortgage in the recorder's office, applies only when the mortgage debt is paid without foreclosure.

Murray v. Brokaw.

**Action,** to recover a statutory penalty. Appeal from the Circuit Court of McLean County; the Hon. Thomas F. Tipton, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

Thompson & Donahue, attorneys for appellants.

H. M. Murray, *pro se.*

Rowell, Neville & Lindley, attorneys for appellee.

Mr. Justice Wall delivered the opinion of the Court.

These were actions to recover penalties provided by Sec. 8, Ch. 95, for failing to release mortgages after the same had been paid as alleged. The cases were tried by the court without a jury by consent, and the finding in each was for defendant. Judgment was entered accordingly. The mortgages in question were executed by John Murray, since deceased, in favor of John and Charles Ellsworth, also since deceased.

Bills to foreclose were filed and decrees were entered for the amounts found due.

These decrees were fully paid and acknowledgment of payment was entered upon the record of each decree.

The appellants insisted that satisfaction should also be entered upon the margin of the record of each mortgage, and after making a demand for such entry of satisfaction, brought these actions for the specified penalty. Waiving the question as to whether there was a tender of "reasonable charges" before the suits were brought, we think the judgments are correct upon the ground that the statute involved applies only when the mortgage debt is paid without foreclosure. When it is necessary to foreclose, and a decree is rendered for that purpose, the mortgage becomes merged in the decree and a satisfaction of the decree is all that is required. This we think is quite apparent from the language of the statute and from a consideration of the object in view.

The judgment will be affirmed.