# Seals *et al. v.* Weldon, Adm'r.

*Bill to Set Aside a Decree of the Probate Court Rendered on Final Settlement of an Estate.*

1. *Chancery court; statutory jurisdiction of, what necessary to bring a case under.*—In order to bring a case within the statutory jurisdiction of the chancery court to correct errors made in the probate court in the settlement of the accounts of an administrator, the errors of law or fact must be shown to have occurred in the settlement itself, and not such as may have grown out of the fact that a judgment was entered *nunc pro tunc* or otherwise, subsequent to the settlement; the error sought to be corrected must be clearly

[Seals *et al.* v. Weldon, Adm'r.]

pointed out and it must appear that the complainants have suffered injury thereby.

2. *Fraud to impeach decree must be connected with proceedings in which the decree was obtained.*—Fraud to be effective to impeach a decree on account of it must be connected with the proceedings in which the decree was obtained.

3. *Bill when bad for inconsistency.*—If a bill in equity alleges that there was a valid settlement by an administrator in the probate court and seeks to correct errors occurring therein, and also alleges that there was no settlement as required by law, it is bad for inconsistency.

4. The mere act of entering a decree in the probate court in an administrator's settlement, and on his motion, if erroneous can be remedied at law by appeal.

APPEAL from the Chancery Court of Pike.
Heard before the Hon. JERE N. WILLIAMS.

J. W. Seals and others brought the bill in this case as the heirs and distributees of W. A. Weldon against D. R. Weldon as the administrator of the estate of the decedent. The bill alleges that the said administrator filed his account and vouchers in the probate court for a final settlement and that December 9, 1895, was the day appointed for the settlement; that the complainants appeared on that day to contest the settlement and asked a continuance which was granted—the administrator consenting; that the probate judge failed to enter said order on his minutes; that said cause was continued from time to time till on the 19th day of March, 1896, the administrator finding that the court had failed to set aside the order or minute entry inadvertently made on the 9th day of December, 1895, stating the auditing of the account of the administrator, moved the court to complete the said minute entry and render a final decree of settlement. This was done. The bill also alleges fraud in the administrator in the management of the estate. It further states that there was no final settlement as required by law; but also seeks to set aside a settlement and to have an accounting.

[Seals *et al.* v. Weldon, Adm'r.]

E. R. BRANNEN, for appellants, cited, *Robertson v. Walker*, 51 Ala. 484; *Gambol v. Jordan*, 54 Ala. 432.

A. C. WORTHY, *contra, cited, Knabe v. Rice*, 106 Ala. 615; *Otis v. Dargan*, 53 Ala. 178; *Waring v. Lewis*, 53 Ala. 615; *Hall v. Pegram*, 85 Ala. 526.

SHARPE, J.—This bill contains allegations apparently looking to the correction of errors had upon a final settlement of the defendant's accounts in the probate court and to the impeachment of the validity of the decree evidencing such settlement.

It is shown that a decree of some character was rendered on the 2nd day of April, 1896, whereby it was made to appear that such a settlement was had on the 9th day of the previous December and it is also alleged that "there never has been a final settlement of said administration as required by law."

If the bill be taken as averring a settlement, then the jurisdiction of equity to review it is limited to the correction of errors which may have occurred therein without fault or neglect of the complaining party.—Code, § 805.

The decree of the probate court is not set out and its contents are not alleged, nor is it shown in what respect it is injurious to the complainant.

It is charged that between the 9th day of December and the time of his motion to complete the minute entry of the decree the administrator changed his account "from what it was at the time said decree purports to have been rendered by taking from and adding to both the debit and credit side of said account thereby changing the result of said settlement," but it is not shown whether those changes resulted injuriously or beneficially to the complainants. An exhibit is made of items in contestation on the defendant's account filed by the complainants in the probate court but it is not alleged here that they were proper items of contest. Respecting them the bill states "that said objections were never passed upon by said court for the reason that the record showed that the final settlement of said administration had been made on the 9th day of Decem-

[Seals et al. v. Weldon, Adm'r.]

ber, 1895, that the court in granting the administrator's motion marked exhibit 'M' to this bill prevented complainants from prosecuting their rights and claims in said probate court and having their objections to said administrator's account passed upon."

It is obvious that the allegations both as to error and injury are insufficient to bring the case within the statutory jurisdiction of the court to correct errors. For that purpose the errors of law or fact must be shown to have occurred in the settlement itself and not such as may grow out of the fact that a judgment was entered *nunc pro tunc* or otherwise subsequent to the settlement. The error sought to be corrected must be clearly pointed out and it must appear that the complainant has suffered injury thereby.—*Massey, Admr. v. Modawell*, 73 Ala. 421; *Waldrom v. Waldrom*, 76 Ala. 285; *Bowden v. Perdue*, 59 Ala. 409; *Boswell v. Townsend*, 57 Ala. 308.

If the mere act of entering the decree on defendant's motion was erroneous, the complainant's remedy was adequate at law by appeal.

Considered as a bill to impeach the decree for fraud the bill is equally defective. Fraud to be effective for such purpose must be connected with the proceedings by which the decree was obtained. Here are some general allegations of fraud charged against the defendant as occurring previous to the settlement but they are not such as to infect the rendition of the decree with fraud and thereby authorize the court to declare it void.

But the two aspects of the bill, one in treating the settlement as valid and seeking to correct errors ocurring therein and the other asserting that no valid settlement was had, are wholly inconsistent and the bill was bad for that reason if for no other.—*Watts v. Frazier*, 80 Ala. 186; *Gordon's Admr. v. Ross*, 63 Ala. 363.

As was said of a bill having a similar fault in *Gordon's Admr. v. Ross, supra*, "If the court adopted either aspect it would proceed more or less on conjecture, and could not be sure it was administering the relief to which the complainant was entitled. The bill unites different distinct causes of action requiring different relief and cannot be entertained."

The decree of the chancery court dismissing the bill will be here modified so as to dismiss the bill without prejudice and as so modified will be affirmed at appellants' cost.