(77 South. 729)

## J. I. CASE THRESHING MACH. CO. v. McGUIRE. (8 Div. 11.)

(Supreme Court of Alabama.  Jan. 24, 1918.)

1. CORPORATIONS ☞666 — FOREIGN CORPORATIONS—ACTIONS—VENUE.

Under Const. 1901, § 232, and Code 1907, § 6112, as to venue of suit against foreign corporations, in action against a foreign corporation a plea in abatement that, when suit was commenced, defendant was not doing business in the county where sued, was not demurrable.

2. CHATTEL MORTGAGES ☞246—FAILURE TO SATISFY—PENALTY—DEMAND.

Written demand to enter satisfaction of chattel mortgage may be made to an agent of a corporation mortgagee in another state; the rule denying extraterritorial operation of local laws not applying.

3. CHATTEL MORTGAGES ☞245—FAILURE TO ENTER SATISFACTION—MAILING SATISFACTION TO MORTGAGEE.

Mailing by chattel mortgagee to mortgagor of written acknowledgment of full payment and release of the mortgagee, with authorization of the probate judge to enter the satisfaction on the record and letter stating it would be necessary for the mortgagor to send the satisfaction to the judge, was not compliance with Code 1907, § 4898, penalizing failure of mortgagee to enter satisfaction.

4. CHATTEL MORTGAGES ☞245—FAILURE TO ENTER SATISFACTION—ESTOPPEL OF MORTGAGOR.

Nor was the mortgagor estopped to deny that such action was sufficient by his mere failure to object and silence after receipt of the letter, since one upon whom the law enjoins the duty of doing an act for another's benefit cannot, by requesting such beneficiary to himself procure the doing of the act, shift the burden and responsibility to the beneficiary, and so relieve himself.

5. CHATTEL MORTGAGES ☞245 — PENALTY FOR FAILURE TO ENTER SATISFACTION — MORTGAGES SATISFIED BY FORECLOSURE.

Code 1907, § 4898, requiring entry of satisfaction of chattel mortgages, does not apply to a mortgage validly foreclosed, but only to one paid or satisfied before its foreclosure, whether by judicial decree or under a power of sale.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Charles W. McGuire against the J. I. Case Threshing Machine Company for the penalty for a failure to satisfy a record of a mortgage. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The complaint is in two counts, setting up the several breaches of the statutory duty with respect to each of two distinct mortgages, and is brought under section 4898, Code 1907. Pleas in abatement were interposed alleging that defendant is a foreign corporation, and was not doing business in Marshall county when the suit was commenced, and that the notice to enter satisfaction was given to an agent of defendant at Atlanta, Ga., and that for more than 60 days thereafter defendant had no agent in Marshall county authorized to enter such satisfaction, and merely that the notice was served on an agent of defendant in Atlanta, Ga. Demurrers were sustained to these pleas in abatement, and defendant then filed a plea of the general issue, and the following special pleas:

(4) That plaintiff was guilty of negligence which proximately contributed to the injuries complained of, in this, defendant sent to plaintiff written release of said mortgage, and authorized plaintiff to enter same upon the record of said mortgage; that said release and said authority were received by plaintiff; that plaintiff did not enter said release on the record, and did not notify defendant that he would not do so, and by his silence led defendant to believe that he accepted said authority, and would enter said satisfaction.

(5) Plaintiff is estopped to maintain said action for that within two months from the giving of said notice defendant gave to plaintiff written authority to have the probate judge enter satisfaction on the record of said mortgage; that this authority was furnished plaintiff at said date; that he could, by the exercise of reasonable diligence, have had the probate judge to enter such satisfaction within the two months after the request, or he could have, by the exercise of reasonable diligence, notified defendant that he would not have the probate judge make such entry, and the defendant could have, after having been so notified, had entry of satisfaction made, but plaintiff retained such written authority, and did not notify defendant that he declined to have the probate judge make such entry, and by his silence led defendant to entertain the reasonable and honest belief that plaintiff would have the probate judge make said entry of satisfaction until after the two months had expired.

(6) Defendant says that after notice was given by plaintiff to defendant to enter the fact of satisfaction on the margin of the record defendant did, within two months after the giving of said notice authorize and request plaintiff

to enter the fact of satisfaction on the record, and that plaintiff agreed to do so, but plaintiff wrongfully failed to do so for more than two months after such notice.

Demurrers were sustained to pleas 4 and 5. The evidence shows without dispute that the mortgage dated February 5, 1907, as declared on in count 2, was paid in full. With respect to the mortgage declared on in count 1 of date November 25, 1909, it appeared that partial payment was made in money, and plaintiff testified that he agreed with one Burgess, defendant's general collection agent, to turn over to him for defendant the two traction engines covered by the mortgage in question in satisfaction of the amount then due. This agreement was denied by Burgess. Plaintiff also introduced in evidence the following letter and release which he received through the mail:

"Mr. C. W. McGuire," etc. "We inclose herewith satisfaction of your chattel mortgage which, with the notes it secured, have been cancelled by proceeds of chattel mortgage sale. It will be necessary for you to send satisfaction to probate judge at Guntersville, in order to have proper release made on records. Trusting you will receive same promptly, we beg to remain, yours very truly, J. I. Case T. M. Co., per Burgess."

Exhibit A. "The undersigned, J. I. Case Threshing Machine Company, Incorporated, hereby acknowledges full payment of a certain chattel mortgage by proceeds of foreclosure sale, said mortgage bearing date the 25th of November, 1909, executed by C. W. McGuire to J. I. Case Threshing Machine Company, Incorporated, which mortgage was received in the office of the judge of probate of the county of Marshall, in the state of Alabama, on December 6, 1909, and recorded in Book 28, p. 232. Said mortgage is hereby released, and said office is hereby authorized to enter this satisfaction of record." Dated, signed, and acknowledged.

To their admission defendant objected on the ground that Burgess' authority to write was not shown, and it appeared to be no more than an ancient narrative of a past transaction. Defendant's witness Burgess testified that the satisfaction above set out was sent to him from the office at Racine, Wis., that the signatures are genuine, and that he signed the letters as he had authority to do. He further testified that the price agreed upon with plaintiff for the two engines satisfied the principal of the debt only, that there remained about $189 due for interest, besides other expenses, and that on April 20, 1913, he regularly foreclosed the mortgage under the power of sale, and bought in the two engines for $834, and that this was the only satisfaction defendant had of the mortgage indebtedness. The jury found for plaintiff for $200, without specifying which count they found on, and there was judgment accordingly.

Street & Bradford, of Guntersville, for appellant. John A. Lusk & Son, of Guntersville, for appellee.

SOMERVILLE, J. [1] In Lewis v. International Ins. Co., 73 South. 629,[1] we held that a foreign insurance corporation not then doing business in the state could be sued in Montgomery county, where process had been served on the insurance commissioner, its agent for that purpose designated obediently to the statute, the commissioner being a resident in that county.

The necessary effect of that holding was to affirm that section 232 of the Constitution was permissive, and not restrictive, in its provision that:

"Such corporation [i. e., a foreign corporation with a known place of business and an authorized agent, etc.] may be sued in any county where it does business, by service of process upon an agent anywhere in the state."

Defendant's plea in abatement, that it is a foreign corporation and was not doing business in Marshall county when the suit was commenced, presents for decision the question whether a foreign corporation may be sued in any county where a cause of action in tort has arisen, though not doing business therein when the suit is filed. Our statute (Code, § 6112) provides that:

"A foreign or domestic corporation may be sued in any county in which it does business by agent."

"The material changes which the Constitution works are that the corporation becomes liable to suit in any county in which it does business, and the process may be served, compelling it to appear, upon an agent anywhere in the state." Sullivan v. Sullivan Timber Co., 103 Ala. 371, 377, 15 South. 941, 25 L. R. A. 543. Such a corporation may be sued in any county where it has a known place of business, "but it must be observed that the essential fact upon which the liability to suit in other counties depends is that it 'does business' in such counties."

We hold that the first plea in abatement is a good plea, and that the trial court erred in sustaining the demurrer thereto.

Appellee relies on the case of Drennen Car Co. v. Evans, 192 Ala. 150, 68 South. 303. It was there held that an action to recover the penalty here sued for was properly brought in the county where the mortgage in question was recorded, since the breach of the defendant's statutory duty to enter satisfaction occurred in that county. But the defendant in that case was a domestic corporation, and section 6110 of the Code expressly fixes such venue for persons or corporations permanently resident in this state. The Drennen Case is therefore not an authority here.

[2] The pleas setting up that the notice to enter satisfaction was given to an agent of defendant in Atlanta, Ga., is without merit, and the demurrer thereto was properly sustained. The entry of satisfaction was required to be performed in Marshall county, Ala., and its omission was a breach of duty occurring ex necessitate rei in that county. The written demand to make the entry could be properly made upon defendant wherever it could be found, and the rule which denies the exterritorial operation of local laws has no application. In this connection we do not overlook the case of Jones

[1] 198 Ala. 411.

v. Fidelity, etc., Co., 7 S. D. 122, 63 N. W. 553, cited by appellant. There the demand was merely for a certificate showing the discharge of a mortgage, a transitory act, and it was held that a demand made and refused in another state, the law being strictly penal, gave no right of action for the penalty in South Dakota, but only for the actual damage suffered, if any.

[3] The evidence showed without dispute that the mortgage declared on in the second count had been paid and satisfied in full before plaintiff's demand was made for entry of satisfaction. Defendant answered plaintiff's demand by mailing to him a written acknowledgment of full payment and release of the mortgage, with an authorization of the probate judge to enter the satisfaction on the record. The letter accompanying this document remarks that:

"It will be necessary for you to send the satisfaction to probate judge at Guntersville in order to have proper release made on records." .

This was, of course, in no sense a compliance with the mandate of the statute, but defendant conceives that plaintiff is estopped to deny its sufficiency by his failure to object, and, through his silence after its receipt, permitting or leading defendant to believe that plaintiff had accepted the authority and would cause the entry of satisfaction to be made. This defense is presented by two special pleas to each count of the complaint, to which demurrers were sustained.

[4] We think these pleas were subject to the demurrers. One upon whom the law enjoins the duty of doing an act for the benefit of another cannot, by requestioning such beneficiary to himself procure the doing of the act, shift the burden and responsibility to the beneficiary, and so relieve himself. In such a case neither mere silence nor anything short of intentional deception by the beneficiary can work an estoppel with respect to the discharge of his duty by the party obligated. The latter has no right to presume from the mere silence of the beneficiary that he has gratuitously accepted and undertaken to execute the request so made of him, especially when, as here, it involved not only affirmative action, but at least the expense of recording the written release and power of attorney.

[5] With respect to the mortgage declared on in the first count of the complaint, the tendency of defendant's evidence is to show that it was satisfied by partial payments made in money, and by foreclosure for the balance of about $838, defendant becoming the purchaser of the mortgaged chattels for that amount. Defendant's contention is that the statute imposing the penalty here sued for (Code, § 4898) does not apply to "payment or satisfaction" resulting from the foreclosure of the mortgage.

This question does not seem to have ever been decided or discussed by the courts of this state. The only decision we find on the subject is in Murray v. Brokaw, 67 Ill. App. 402, where it was held, construing a similar statute, that:

"When it is necessary to foreclose, and *a decree is rendered for that purpose* [italics ours], the mortgage becomes merged in the decree, and a satisfaction of the decree is all that is required."

In Scott v. Field, 75 Ala. 419, 422, it was said:

"The purpose of the statute is that there shall be upon the record an acknowledgment of equal publicity with the record itself; that the mortgage is satisfied; that it is not longer an available security, or an incumbrance upon the title of the mortgagor."

In Seals v. Weldon, 121 Ala. 319, 25 South. 1021, it was held that the fact that the mortgagor had parted with his title to the mortgaged property did not forfeit his right to demand the entry of satisfaction, a principle afterwards embodied in the statute by the amendment of 1899.

There are, it must be conceded, some forcible arguments in support of the view that the statute in question is applicable to mortgages which have been satisfied by foreclosure. Yet we think that a consideration of the language of the statute itself is conclusive to the contrary. "Such entry," it declares, "operates a release of the mortgage, or deed of trust, and is a bar to all suits thereon at law or in equity." Such a result could not have been intended with respect to a foreclosed mortgage; for it is not only not released, but must of necessity remain as a permanent muniment of title in favor of the purchaser. Very clearly, we think, the statute is not applicable to a mortgage which has been validly foreclosed, but only to one which has been paid or satisfied before its foreclosure, whether by judicial decree, or under a power of sale.

Some other questions, mainly of evidence, are presented by the record, but need not be now considered.

For the error of the trial court in sustaining the demurrer to the venue plea, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.