(108 So. 43)

## HAMILTON v. HARRY L. HUSSMANN REFRIGERATOR & SUPPLY CO.
### (8 Div. 857.)

(Supreme Court of Alabama. April 1, 1926.)

1. **Chattel mortgages** ⊙═245—**Execution of written release stating debt secured by mortgage to be paid in full shows satisfaction of debt (Code 1923, §§ 9023, 9024).**

Execution of written release stating debt secured by mortgage to be paid in full shows satisfaction of debt, within Code 1923, §§ 9023, 9024, requiring entry of satisfaction on demand where debt is fully paid, though interest charges remained due.

2. **Chattel mortgages** ⊙═245—**Whether debt is paid in full or canceled by accord and satisfaction is immaterial, under statute requiring entry of satisfaction (Code 1923, §§ 9023, 9024).**

Under Code 1923, §§ 9023, 9024, requiring satisfaction of mortgage when debt is fully paid or satisfied, it is immaterial whether debt be paid in full or canceled by accord and satisfaction.

3. **Chattel mortgages** ⊙═245 — **Special plea that mortgage was "not fully paid and satisfied" to complaint to recover statutory penalty for failure to record satisfaction alleging only that debt was "fully paid" held to warrant evidence of either payment or accord and satisfaction (Code 1923, §§ 9023, 9024).**

Where complaint, in action to recover statutory penalty for failure to record satisfaction of mortgage, under Code 1923, §§ 9023, 9024, alleged only that debt was "fully paid," special plea that mortgage was "not fully paid and satisfied" brings in issue of indebtedness vel non, and warrants evidence of either payment or accord and satisfaction.

4. **Trial** ⊙═255(3).

Court cannot of its own motion instruct on weight of evidence.

5. **Fraud** ⊙═28.

Questions of fraud depend on facts of each case.

6. **Chattel mortgages** ⊙═245—**Failure of mortgagor to take any action after receipt of release and satisfaction of mortgage held to raise inference of fraud, estopping him from recovering statutory penalty for failure to record satisfaction (Code 1923, §§ 9023, 9024).**

Where nonresident mortgagee rightfully assumed that mortgagor desired recording of satisfaction of mortgage and forwarded release to mortgagor, with request for advice if anything further was necessary, failure of mortgagor to take any action raises inference of fraud, estopping mortgagor from recovering statutory penalty for failure to record mortgage, under Code 1923, §§ 9023, 9024.

7. **Chattel mortgages** ⊙═245—**Plea of fraud of mortgagor in failing to record satisfaction of mortgage sent to him, in action to recover penalty for failing to record satisfaction, held not subject to demurrer (Code 1923, §§ 9023, 9024).**

In action to recover statutory penalty for failure to record satisfaction of mortgage, under Code 1923, §§ 9023, 9024, plea of fraud for failure to record release sent mortgagor, or advise mortgagee, *held* not subject to demurrer.

Appeal from Circuit Court, Franklin County; B. H. Sargent, Judge.

Action by F. G. Hamilton against the Harry L. Hussmann Refrigerator & Supply Company. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Hamilton & Thomas, of Russellville, for appellant.

Where the mortgage has been paid, the only factor remaining to recover penalty is efficient request to cancel. Butler Cotton Oil Co. v. Brooks, 94 So. 518, 208 Ala. 386. Inadvertence is no excuse for failure to satisfy record. Dittman B. & S. Co. v. Mixon, 24 So. 847, 120 Ala. 206. Mailing of release to plaintiff, authorizing the probate judge to enter satisfaction, with letter stating that, if anything else is necessary, same would be sent, is not a sufficient compliance with the statute. Case Threshing Mach. Co. v. McGuire, 77 So. 729, 201 Ala. 203. Partial payment of instruments marked paid and surrendered operates as accord and satisfaction. Scales v. Rosenbush, 101 So. 743, 212 Ala. 19. Mere silence on the part of the mortgagor was no fraud. Case v. McGuire, supra.

J. F. Guin, of Russellville, for appellee.

Plaintiff has no right to maintain action, unless it is shown he has paid the mortgage in full. Mayhall v. Woodall, 68 So. 322, 192 Ala. 134; Smith v. Bank, 42 So. 551, 148 Ala. 501. The averment of payment is not sufficient to cover accord and satisfaction. 1 R. C. L. 178, 202. The plaintiff was guilty of fraud, and will be estopped to maintain the suit. Martin v. Walker, 71 So. 667, 196 Ala. 469; Chattanooga Co. v. Echols, 27 So. 975, 125 Ala. 548.

BOULDIN, J. The suit is to recover the statutory penalty for failure to enter satisfaction on the record of a mortgage, on request in writing; the debt being "fully paid or satisfied." Code 1923, §§ 9023, 9024. Upon the issue of payment in full vel non, the evidence, without conflict, showed: The mortgage was given to secure a series of 12 notes, payable monthly, aggregating $710, with interest at 6 per centum per annum. As they became due, the notes were collected through

a bank. In each case an item of interest was figured and paid along with the principal. After all the notes were thus taken up, the mortgagee surrendered the mortgage, and on request executed a written release showing the "debt fully paid, satisfied, released and discharged." This release was directed to be turned over to the probate judge. No question of payment in full was raised until after this suit was brought. However, several of the notes were not paid at immediate maturity, and in making collection full interest was not figured to the date of payment. These several items aggregate $2.25, not paid. The defendant set up the nonpayment of this balance as a defense for failure to satisfy the record of the mortgage. This issue was submitted with others to the jury, and verdict went for defendant. Plaintiff, appellant here, assigns certain rulings on pleading and evidence upon this issue.

[1,2] The statute requires entry of satisfaction, on proper demand, when the debt is "fully paid or satisfied." The aim is to have the record cleared when the debt is extinguished, when the mortgage lien no longer exists. The penalty is to quicken diligence that incumbrances may not appear upon the records serving only to becloud titles. It is immaterial whether the debt be paid in full or canceled by accord and satisfaction. The evidence above set out shows satisfaction of the debt. Counsel insist there is conflict upon this question between Scales v. Rosenbush Furn. Co., 101 So. 743, 212 Ala. 19, and Mayhall v. Woodall, 68 So. 322, 192 Ala. 134. We need not deal with this, because in neither case was there a statutory release as in the case at bar.

[3] In the complaint it was alleged the debt had been "fully paid," without adding the alternative "or satisfied." Appellee contends this limited the proof to payment only, and plaintiff cannot rely on the above evidence as showing accord and satisfaction. But appellee filed special plea No. 3, alleging the mortgage was "not fully paid and satisfied at the time of filing this suit;" and plea No. 4, that plaintiff was "still indebted to defendant in the sum of $2.25" secured by the mortgage. Issue was joined on these pleas. This brought into the case the direct issue of indebtedness vel non, and warranted evidence of either payment or accord and satisfaction. The statement showing the interest balance on each note became proper under this issue, and also the evidence of accord and satisfaction offered by plaintiff. It follows, however, there was no error in overruling special replication No. 1, conceding it to be sufficient to present accord and satisfaction. This was already in issue, and the case was so tried; all the evidence being admitted which was available under the special replication.

[4] There was no request for an affirmative instruction on that issue. The court, under our practice, could not of his own motion instruct on the weight of the evidence. If that were the sole issue, the motion for a new trial should have been granted. The uncontroverted evidence showed satisfaction of the mortgage debt. But this was not the only issue before the jury. Plaintiff was a resident of Russellville, Ala., where the mortgage was of record. The defendant was a resident of Missouri. The mortgage was paid off and surrendered, and release given in the fall of 1923. On March 22, 1925, plaintiff wrote defendant.

"You will please have record of mortgage which I gave you as security for amount due on refrigerator marked satisfied.

"Thanking you for your kindness and remain."

Defendant executed, signed, and acknowledged another release, and mailed same to plaintiff with letter saying:

"Should your recorder require anything additional from us, kindly advise, and we will forward the necessary papers to you. If we do not hear from you to the contrary, we will assume that the affidavit of release of chattel mortgage is sufficient.

"We want to take this opportunity to thank you for the business which you have given us and assure you that we shall be glad to hear from you, if we can serve you in any way at all in the future."

The release and letter were received. The release was not filed with, nor tendered to, the judge of probate, and no answer was made to defendant until the 30-day period for satisfaction had expired.

On May 29, 1925, suit was filed. On same date plaintiff's attorney wrote defendant:

"Will you please inform me of the date of my letter relative to suggestion of satisfaction of mortgage on refrigerator. My file in the matter has become misplaced and this information shall be very much appreciated. Thanking you for your past services, and in advance of this information. [Signing plaintiff's name with his authority.]"

On June 4th defendant answered, inclosing copy of letter requested. On the same date the summons was served on the statutory agent of defendant. Up to this time, so far as defendant knew, business relations had been friendly and courteous.

By plea 6 defendant sets up these facts in substance, and alleges fraud in failing to present the release for record or advise defendant thereof with intent to lull defendant into a sense of security to the end that the mortgage might not be marked satisfied as plaintiff pretended to desire, and thus incur the penalty. Plea No. 7 presents the same matters by way of estoppel.

Demurrers to these pleas were overruled and the issue of fraud submitted to the jury. Two decisions of this court deal with kindred facts, viz.: J. I. Case Threshing Mach. Co. v.

McGuire, 77 So. 729, 201 Ala. 203, and Martin v. Walker, 71 So. 667, 196 Ala. 469. In the former, the release and power of attorney was sent by mail, with what amounted to a request to send it to the judge of probate. In the latter, an indorsement was made on the demand for satisfaction and returned to plaintiff by agent, with request that he hand it to the judge of probate.

A substantial distinction is not apparent, but different conclusions were reached. The line of argument well stated in both cases can best be studied by reading the opinions. There are circumstances of this case which appear to make it stronger than either of the cited cases.

Plaintiff had notice that defendant was relying upon him to be informed if the mortgage was not satisfied as requested. This appeared in the pleas and the proof. It is also in evidence that plaintiff had filed the mortgage for record on behalf of defendant.

[5] Questions of fraud must usually turn upon the facts of each case. Some states of fact relating to the intentional acts of parties under known conditions disclose fraud per se; others mere ground of inference to be drawn only in keeping with the presumptions which the wisdom of the law has defined.

[6] Looking to this case we find existing business relations between the parties. The subject-matter of this transaction was the final step in completing and closing these relations. There was every sign, even positive assurance, of a sense of obligation for past service or kindness. The defendant had every right to assume the plaintiff, in good faith, desired to have the record satisfied as requested. It was natural for defendant, a nonresident, to forward the release through him, that he might know it was done and rightly done. Plaintiff was advised that trust was reposed in him; that every day his silence was saying to defendant all is well; that inaction and silence were daily ripening a plum for him at a cost of $200 to defendant. Under these conditions, the customs of business, as well as the obligations of fair dealing, demanded a reply to defendant's letter in the event plaintiff declined to co-operate as requested. The release should have been returned or passed on to the judge of probate.

The principle that one cannot impose his legal obligations upon another does not apply. Defendant was the party seeking to perform the duty of satisfying the record; plaintiff was merely asked to O. K. it, pass it on, and advise of any further requirement. Plaintiff, of course, had the option not to do it, but not the right to lull defendant into a false sense of security by silence and inaction, prompted by the lure of a penalty in his own interest. Nor does the request imply that plaintiff was to incur the obligation to pay record fees. He had but to advise the judge he was a mere conduit, and defendant was filing the paper. This would put the judge in position to deal with defendant as other nonresidents sending papers through the mails for record. The letter carried a request for advice as to further requirement, which would include amount of record fees, if demanded before filing the paper. At any rate it would meet plaintiff's implied promise due to his silence.

This statute serves a good purpose. We would not defeat it by strained defenses. But it must not be made the instrument of fraud and imposition.

[7] The verdict in this case finds support in a legitimate inference of designed fraud working an estoppel. The pleas proceed on that theory, and were not subject to demurrer.

Not to be misleading, we do not mean to say that an estoppel might not arise without an original intent or design to lure the defendant into incurring the penalty. If by inadvertence and negligence the mortgagor contributes to the failure to satisfy the mortgage, the fraud and estoppel might arise in seeking to take advantage of a situation due to such negligence or breach of implied promise. This question is not presented in the pleadings here, and is not decided.

Affirmed.

All the Justices concur.