(116 So. 145)

### KEARLEY v. COWAN.   (4 Div. 369.)

Supreme Court of Alabama.   March 22, 1928.

**1. Action ⚖═38(4)—Count of petition based on assault, alleging incidental false imprisonment, and count for false imprisonment, charging incidental assault, held not to include distinct causes of action within same count.**

Count of petition for damages for assault and battery and for false imprisonment, charging that in connection and as part of assault defendant incarcerated plaintiff in a city jail, and count for damages for unlawful arrest accompanied with assault and battery as circumstance of aggravation, *held* not subject to demurrer on ground that counts each involved two distinct and independent causes of action.

**2. False imprisonment ⚖═11—Defendant's arrest of plaintiff after collision damaging defendant's car held not justified (Code 1923, §§ 3268, 3269).**

Where, after collision between automobiles, defendant followed plaintiff's car and put plaintiff in charge of policeman to look after defendant's interests and secure payment of damages to his car, plaintiff being virtually kept under arrest, defendant's action was not justified on theory of arrest by a private person for an offense committed in his presence, under Code 1923, §§ 3268, 3269.

**3. Assault and battery ⚖═43(6)—False imprisonment ⚖═40—Charges relieving defendant from assault and false imprisonment if under orders of officers held properly refused, where evidence indicated officers were carrying out defendant's scheme (Code 1923, § 3265).**

In action for assault and false imprisonment, charges that jury should find for defendant if he did not lay hands on plaintiff until officer ordered him to assist *held* properly refused, notwithstanding Code 1923, § 3265, where

plaintiff's evidence indicated that officers were merely carrying out unlawful scheme by which defendant turned plaintiff over for purpose of coercing payment of damages for collision with his automobile.

**4. Appeal and error ⬤➡1046(5)—Court's remark that best evidence showed alleged false arrest took place outside city held not prejudicial, where arrest was in no event justified.**

In action for assault and false imprisonment, statement of court that "according to the best evidence it was not even committed within the police jurisdiction of the city of Andalusia" *held* not prejudicial, where arrest was not justified, whether made within or without the city.

**5. Appeal and error ⬤➡215(1)—Failure to call attention of trial judge to alleged error in oral charge held to preclude review.**

Failure to call attention of trial judge to portions of oral charge complained of as argumentative and as indicating judge's opinion prevented review on appeal, especially where motion for new trial merely attacked charge in general terms.

**6. Assault and battery ⬤➡40—False imprisonment ⬤➡36—$500 verdict for plaintiff assaulted and arrested for purpose of forcing payment of civil damage claim held not excessive.**

In action for assault and false imprisonment, in which defendant had plaintiff placed under arrest in order to force payment of damages to defendant's car resulting from collision, verdict of $500 *held* not excessive.

Appeal·from Circuit Court, Covington County; A. D. Pitts, Special Judge.

Action for assault and battery and unlawful arrest by Dewey Cowan against R. I. Kearley. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Charges 4 and 5, refused to defendant, are as follows:

"(4) If you·are reasonably satisfied from all the evidence that defendant did not lay his hands on plaintiff until the officers of the law ordered him to aid them in making the arrest, then, if he used no more force than was necessary, you cannot find for the plaintiff under the second count.

"(5) If you are reasonably satisfied from all the evidence that defendant did not lay his hands on plaintiff until the officers of the law ordered him to aid them in making the arrest, then, if he used no more force than was necessary, you cannot find for the plaintiff under the first count of the complaint."

A. R. Powell, of Andalusia, for appellant.

The complaint was subject to the demurrer that there was a misjoinder of causes of action. Southern Ry. Co. v. McIntyre, 152 Ala. 223, 44 So. 624; Interstate Ry. Co. v. Duke, 183 Ala. 484, 62 So. 845. The plaintiff was guilty of a public offense in colliding with defendant's car, and defendant had a right to arrest plaintiff. Code 1923, § 3269. The law requires private persons to assist in making an arrest when called upon by an officer. Charges 4 and 5 should have been given. Code, § 3265; Martin v. State, 89 Ala. 115, 8 So. 23, 18 Am. St. Rep. 91; Suell v. Derricott, 161 Ala. 259, 49 So. 895, 28 L. R. A. (N. S.) 996, 18 Ann. Cas. 636. The oral charge of the court was one upon the effect of the evidence, without request therefor, and invaded the province of the jury. Gafford v. State, 125 Ala. 1, 28 So. 406; Code 1923, § 9507. The motion for new trial should have been granted. Hair v. Little, 28 Ala. 236; Lamar v. King, 168 Ala. 285, 53 So. 279; Andrews v. State, 150 Ala. 56, 43 So. 196; McIntosh v. State, 140 Ala. 137, 37 So. 223; American Ry. Ex. Co. v. Dunnaway, 207 Ala. 392, 92 So. 780; Hamilton v. Harry L. Hussman, etc., Co., 214 Ala. 376, 108 So. 43; B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 75 So. 876, Ann. Cas. 1914C, 1037; Ala. F. & I. Co. v. Benenante, 11 Ala. App. 644, 66 So. 942.

A. Whaley, of Andalusia, for appellee.

The assault and battery and unlawful arrest being one and the same act, there was no misjoinder of causes of action.

There was no prejudicial error in the oral charge of the court. Supreme Court Rule 45; Schloss v. Inman, 129 Ala. 424, 30 So. 667; Gambill v. Cargo, 151 Ala. 427, 43 So. 866; Beall v. Folmer, 122 Ala. 414, 26 So. 1; Tidwell v. State, 70 Ala. 44. Defendant had no right to arrest plaintiff or to assist an officer in arresting him, under Code, §§ 3265, 3267, 3269.

BOULDIN, J. [1] Count 1 is in damages for assault and battery and further charges that, in connection with and as part of the assault, defendant incarcerated the plaintiff in the city jail of Andalusia. Damages are claimed for "such assault and such incarceration." The gravamen of the action is assault and battery. Incarceration in connection with the assault is a circumstance of aggravation. Count 2 is in damages for unlawful arrest and imprisonment accompanied with an assault and battery as a circumstance of aggravation. Neither count is subject to demurrer upon the ground that two distinct and independent causes of action are joined in the same count.

The evidence tended to show that plaintiff, 20 years of age, was driving his father's car at night in company·with two young ladies; that some three miles from the courthouse in Andalusia, within the corporate limits of River Falls, this car came in collision with defendant's car while passing upon the public·highway. Some injury was done to defendant's car. Evidence of the parties in the car agrees that it was being driven at the time by one of the young ladies. This is contro-

verted by defendant. In either event, plaintiff assumed responsibility for the accident and admitted he was at fault. Defendant demanded payment of the damages. By reason of uncertainty of the extent of the injuries, disagreement as to the damages to be paid, lack of money on plaintiff's person, or one or more of such causes, the matter was not settled on the spot.

[2] Defendant followed plaintiff's car into Andalusia, keeping plaintiff under surveillance until the young ladies were put out at their homes. Then seeing J. J. Hall, a policeman in Andalusia, Dr. Kearley, the defendant, having a call to fill, told Hall to take the boy and look after his interests. While there is some denial of defendant's having plaintiff put under arrest at the time, defendant says on cross-examination: "I told Hall that I wanted him to keep the boy until I got my money for my car." From that time plaintiff was virtually under arrest, and later in the night the policeman proceeded against plaintiff's protest to put him in the city jail. According to plaintiff's evidence this was at the instance of defendant. At any rate, defendant returning about that time, seeing the boy resisting, personally laid hands upon him and assisted in forcibly casting him into the city prison.

No criminal charge was made against plaintiff by affidavit; no warrant was issued; no offense committed in defendant's presence was disclosed to the officer as ground for taking him into custody and turning him over to an officer. On the contrary, the clear weight, if not the uncontroverted evidence, discloses an arrest and imprisonment for the purpose of coercing payment of a civil demand due defendant. Clearly it was no case for the affirmative charge for defendant on the theory of arrest by a private person for an offense committed in his presence under Code, §§ 3268, 3269.

[3] There is some evidence that the officer called upon the defendant to assist in forcing plaintiff into prison. We do not apprehend that, when an officer is in the apparent discharge of official duty, a private person required to assist under Code, § 3265, has any duty to inquire into the authority of the officer.

Charges 4 and 5 refused to defendant, however, entirely ignore the evidence that the officers were but carrying out plaintiff's own unlawful scheme of aggression. The charges invade the province of the jury.

[4] The only exception taken to the oral charge was to this statement: "According to the best evidence it wasn't even committed within the police jurisdiction of the city of Andalusia." The point is made that this remark was a charge upon the effect of the evidence. The remark was made in connection with a discussion of the law relating to arrests by a private person without a warrant. Without dispute the evidence shows no justification on that theory, whether the collision occurred within or without the police jurisdiction of Andalusia. No injury resulted from this remark.

[5] Certain excerpts from the oral charge are set out in brief and complained of as argumentative and as indicating to the jury the opinion of the special judge trying the case upon its merits. Not only was there a failure to except upon the trial, but the motion for a new trial merely alleged in most general terms that the charge was argumentative in substance and manner in favor of plaintiff and against defendant.

The portions of the oral charge complained of were never, so far as the record goes, called to the attention of the trial judge. Nothing shows there was any difficulty in getting the notes of the charge or having them read so as to make proper objections or motions. No question is properly presented for review in this regard.

[6] We feel impelled to add that the evidence, without substantial conflict, made a case of gross and flagrant abuse and disregard of fundamental personal rights. The verdict for $500 carries no indication of want of a just regard for defendant's right, but rather to the contrary.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.