147 So. 206

## ÆTNA LIFE INS. CO. v. COPELAND.

### 6 Div. 235.

Court of Appeals of Alabama.
March 21, 1933.

`384`

London, Yancey & Brower and J. Kirkman Jackson, all of Birmingham, for appellant.

P. A. Nash, of Oneonta, for appellee.

Brief did not reach the Reporter.

SAMFORD, Judge.

The defendant is a foreign corporation and has complied with the laws of this state, relative to doing business, by filing with the secretary of state a certified copy of its articles of incorporation and designating an agent and a known place of business, in Birmingham, Jefferson county. From the office in Birmingham the defendant through its general agent at that place sends out soliciting agents throughout other counties to solicit contracts for life, health, and accident insurance, such as was issued to the plaintiff in this case.

At the time this suit was filed the defendant had no agent in Blount county, but it did have many policyholders whose policy contracts had been solicited through agents of defendant in Blount county, and delivered by such agents to such policyholders in said county. These policy contracts continued in force, contingent upon the payment of the stipulated premiums to the company through its Birmingham agency.

Upon the above state of facts the defendant in due time and form filed its plea in abatement to the jurisdiction of the Blount circuit court. At the conclusion of the trial of this issue the court at the request of plaintiff in writing gave in his behalf the general affirmative charge, and verdict was rendered by the jury responding to this charge.

The contention of appellant is that at the time of the bringing of this suit the defendant was not doing business in Blount county by agent and therefore was not liable to suit in said county. In support of this contention we are cited the recent case of Tenn. Val. Oil & Gas Co. v. Martin, 224 Ala. 348, 140 So. 429, which was a suit to recover compensation as dependent mother of her son, deceased employee, under the Workmen's Compensation Act, which provides venue "to the circuit court of the county which would have jurisdiction of a civil case in tort between the same parties." Code 1923, §§ 7571, 7578. The decision in the Martin Case, supra, was based upon the decision in General Motors Acceptance Corporation v. Home Loan & Finance Co., 218 Ala. 681, 120 So. 165, which also was an action for tort. The last-cited case was based on J. I. Case Threshing Machine Co. v. McGuire, 201 Ala. .203, 77 So. 729, which was a suit for a penalty, and in this case attention was called to Ex parte W. U. Tel. Co., 200 Ala. 496, 76 So. 438. On application for rehearing in the Gen. Motors Acceptance Corp. Case, supra, the opinion cites and quotes at length from Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 943, 25 L. R. A. 543, accepting it, as it is, the leading case on the subject in Alabama. From the Sullivan opinion we quote: "Unless we deflect these words from their plain and usual signification, or import into the constitution words not found there, we are constrained to the conclusion that a foreign corporation, having a known place of business in the state, is not subject to a personal action in a county beyond such place of business, unless, at the time of the commencement of suit, it was doing business in such county." After extended argument and the citation of many authorities, the opinion proceeds: "There must be a doing of some of the

works, or an exercise of some of the functions, for which the corporation was created, to bring the case within the clause." Section 232 of the Constitution. Concluding the discussion, the opinion adds: "The real test is that applied in Beard v. U. & A. Pub. Co. [71 Ala. 60], supra,—is the corporation engaged in the transaction of business, or any part thereof, it was created * * * to transact? If it be, it 'does business,' within the meaning of the constitution." Taking then the words of the Constitution, the defendant may be sued in any county where it is doing business in the exercise of some of the functions for which the corporation was created, or in the words of the opinion in the Sullivan Case, supra, "the corporation becomes liable to suit in any county in which it does business, and the process may be served, compelling it to appear, upon an agent anywhere in the state." The terms of the Constitution are plain and should not be added to or taken from by judicial construction or otherwise, and we think that the adding of the words "by agent" so as to make the Constitution read, "And such corporation may be sued in any county where it does business *by agent*," as has been done by the decisions in Gen. Motors Acceptance Corp. v. Home Loan & Finance Company, and Tenn. Valley Oil & Gas Company Case, supra, is not warranted by the Constitution or the leading case of Sullivan v. Sullivan Timber Co., supra, upon which the decisions in those cases are based. As illustrative of our meaning, the principal business of defendant's corporation is the insuring of lives and health. The policy contracts are solicited by agents (upon whom service of process could not be had) and when executed by the company are delivered and the first premium is collected in the county of the residence of the insured. The obligation of protection is continuing so long as the stipulated premiums are paid, and whether the company maintains an agent in the county or not its business in the county continues, so long as the policies remain in force. In the instant case it is made to appear by the evidence that the defendant had at the time of the bringing of this suit many policies of insurance in force in the county of Blount, and in our view it was doing the business of the corporation through the obligations of these policies, but under the statute this court is bound to follow the decisions of the Supreme Court, and following the cases of Tenn. Val. Oil & Gas Co. v. Martin and Gen. Motors Acceptance Corp. v. Home L. & F. Co., we must hold that the trial court committed reversible error in giving at the request of plaintiff the general affirmative charge on the issue of the plea in abatement and in refusing to defendant a similar charge in its behalf.

█ It follows from the above holding that any evidence tending to prove that the defendant was doing business by agent in Blount county at the time this suit was filed was relevant and admissible on the issue raised by the plea in abatement and evidence which did not tend to prove the doing of business by agent was inadmissible.

The rule as to term "total disability" as used in the policy sued on has been clearly defined by our Supreme Court in N. Y. Life Ins. Co. v. Torrance, 224 Ala. 614, 141 So. 547. This rule was fully and fairly given to the jury by the trial judge and the rulings on the admission of evidence confined the testimony to this issue. Such rulings were either free from error or were without injury to defendant's rights.

█ Was the plaintiff totally disabled within the meaning of the policy as construed under the decision? The evidence was in conflict and the whole case was properly and fully presented to the jury under the charge of the court.

For the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.