FAULKNER, Justice.
The living heirs of Nena Kyle Elliott petition this Court for a writ of mandamus directed to the Honorable William W. Card-well, Jr., Circuit Judge of Etowah County, directing him to appoint a supplemental administrator to pursue undistributed assets of the estate that were allegedly fraudulently conveyed out of the estate.
This case arises out of the settlement of the estate of Nena Kyle Elliott, who was the grandmother and mother-in-law of the petitioners. We note that this case is procedurally unique in that there are no adverse parties. The only parties are most of the remaining living heirs of Nena, who wish to have the estate reopened in order to pursue assets held by other persons or corporations. Thus, the only brief before this Court is that of the heirs. Judge Card-well was ordered to respond to this petition and did so by letter briefly stating that he would not be filing a brief in response.
In 1914, James Madison Elliott, Jr. died testate, leaving to his widow, Nena, his entire estate, which was vast and consisted of real estate, mineral rights, controlling stock in several corporations, and other assets. Nena’s brother managed her affairs for several years; then Harry Newt Lukins, her son-in-law took over. Nena died testate in October of 1945, leaving her entire estate to her three children. In December of 1949 a final settlement closing the administration of the estate was ordered.
The petitioners allege that for approximately six years following Nena’s death real estate belonging to the estate was sold under forged signatures and that the proceeds from these sales were never included in the estate or distributed to the heirs. Instead, the petitioners allege, the proceeds were used by Harry Newt Lukins for investments in various business interests in his own name, some of which are still in existence today. The petitioners allege that the fraud perpetrated on the Elliott estate was unknown to them until recently, after much investigation into various records. They want an administrator appointed who would have standing and the inherent power to seek out and trace these assets in order to bring them back into the estate for distribution.
Their petition to the trial court was brought pursuant to Code 1975, § 43-2-274, which states:
“After a final settlement, there being personalty not administered which requires an administrator for the proper disposition thereof, the judge of probate of the proper county must proceed to appoint a suitable person as administrator who shall give bond as required by law and administer the personal estate of the decedent not already administered.”
This provision has not been construed since it was first enacted into the 1940 Code. Code 1940, Tit. 61, § 177. It allows an administrator to be appointed, after a final settlement, to distribute personalty, which is the type of property involved in this petition. In addition, this provision appears to apply to personalty which is in the estate at the present time but "which for some reason was not administered, perhaps due to an error by the administrator. That is not the situation in this case. Here the petitioners want to “create” property. They want an administrator to trace property that was conveyed approximately 40 years ago and attempt to bring it back into the estate.
We have searched the Code and case law in an effort to find a provision which would allow an administrator to be appointed under the circumstances of this case. However, we have not found such a provision. The only Code section found which appears upon an initial reading to apply is Code 1975, § 12-11-60, which states:
“(a) When any error of law or fact has occurred in the settlement of any estate of a decedent to the injury of any party, without any fault or neglect on his part, such party may correct such error by filing a complaint in the circuit court within two years after the final settlement thereof. The evidence filed in the *360 probate court in relation to such settlement must be received as evidence in the circuit court, with such other evidence as may be adduced. A failure to appeal from the decree of the probate court shall not be held to be such fault or neglect as will bar the plaintiff the remedy herein provided.”
However, the plaintiff in such a case must establish extrinsic fraud, mistake, or accident which induces the rendering of the final settlement of the estate. General Insurance Company of America v. Barnes, 431 So.2d 1210 (Ala.1983); see also Williams v. Williams, 202 Ala. 539, 81 So. 41 (1919); Seals v. Weldon, 121 Ala. 319, 25 So. 1021 (1899). That is not the case here.
Petitioners also argue that their claim is not barred by the statute of limitations because they have one year after the discovery of fraud to bring an action. Code 1975, § 6-2-3. While this is true, the record shows that the petitioners began to piece together evidence of fraudulent conveyances around 1975. This suit was not brought until 1984, much later than one year after the discovery of fraud.
Since we find no provision which entitles petitioners to relief under these facts, the writ is denied.
WRIT DENIED.
ALMON, ADAMS and HOUSTON, JJ., concur.
TORBERT, C.J., concurs specially.