LIBERTY LOAN CORPORATION OF ILLINOIS, Plaintiff-Appellee, v. FEDERAL NATIONAL MORTGAGE ASSOCIATION *et al.*, Defendants-Appellants.

Second District   No. 85—0112

Opinion filed April 22, 1986.

Thomas Vasiljevich, of Shapiro & Kreisman, P.C., of Northbrook, for appellants.

Peter Vucha, of Roeser, Vucha & Carbary, of Elgin, for appellee.

JUSTICE STROUSE delivered the opinion of the court:

Plaintiff, Liberty Loan Corporation of Illinois, filed a complaint to compel defendant, Federal National Mortgage Association (FNMA), to execute and deliver a release of mortgage. The trial court ordered defendant to execute and deliver a written release, and defendant appeals from that order.

The real estate at issue was encumbered with a mortgage in September 1973. Defendant, FNMA, became the holder of the mortgage and note through assignment. Defendant sought foreclosure, and a judgment for foreclosure was entered in 1983. A sheriff's sale was held, at which defendant successfully bid $28,793.46. Defendant was then issued a certificate of sale. Thereafter, plaintiff redeemed the property and was awarded a certificate of redemption.

Plaintiff sought to compel defendant to execute and deliver a written release under the provisions of section 2 of "An Act relating to mortgages of real property and to mortgages of personal property of public utilities" (Ill. Rev. Stat. 1983, ch. 95, par. 52). Section 2 provides that every mortgagee of real property, having received full satisfaction and payment of the sums of money as are due him from the mortgagor, shall, at the request of the mortgagor, execute and deliver an instrument in writing releasing such mortgage.

In appealing the court order requiring the defendant to execute a release, the defendant argues that in *Murray v. Brokaw* (1896), 67 Ill. App. 402, 403, the court held that the same language under a predecessor statute to section 2 did not apply to a satisfaction by foreclosure. That court held "we think the judgments are correct upon the ground that the statute involved applies only when the mortgage debt is paid without foreclosure. When it is necessary to foreclose, and a decree is rendered for that purpose, the mortgage becomes merged in the decree and a satisfaction of the decree is all that is required. This we think is quite apparent from the language of the statute and from a consideration of the object in view." That case has not been modified in the past 89 years. Further, the legislature is presumed to be aware of judicial decisions which have construed prior legislation and where no change is made are considered to be in accord with the decision. In *Kozak v. Retirement Board* (1983), 95 Ill. 2d 211, 218, the court said, "We must presume that in adopting that amendment the legislature was aware of judicial decisions concerning prior and existing law and legislation." The legislative intent here is clear, and a release is not compelled under these circumstances.

Accordingly, the trial court's order is reversed.

Reversed.

HOPF and UNVERZAGT, JJ., concur.