# Southern Railway Co. v. Goggins.

### Death of Animal.

(Decided July 6, 1916. Rehearing denied January 18, 1917.
73 South. 958.)

1. **Constitutional Law; Remedy; Vested Right.**—No person or corporation has a vested right to any particular remedy or form of procedure; venue in civil action against foreign or domestic corporations belongs to the remedy and is no part of the right.

2. **Corporations.**—The provisions of section 5303, Code 1907, applying equally to foreign and domestic corporations, are not violative of those constitutional and statutory provisions fixing the venue of action against corporations.

3. **Courts; Venue; Counties.**—Construing the provisions of sections 232 and 240, Constitution 1901, and sections 6110 and 6112, Code 1907, it is held that an action might be maintained in the circuit or city court of another county in which defendant did business, based on service upon defendant's agent in such county; the defendant railroad company, a foreign corporation, having killed plaintiff's cow in the county of plaintiff's residence.

4. **Justice of the Peace; Action; Venue.**—In the instant case plaintiff could not maintain a suit in a justice court in precinct 33 in Jefferson county where the accident for which the suit was brought happened in another county not within the precinct since the justice did not obtain jurisdiction by service on agent of the defendant.

5. **Same.**—Where the justice court in which the action was originally brought was without jurisdiction the circuit court to which an appeal was

taken is without jurisdiction, although the circuit court would have had jurisdiction had the action originally begun there.

**6. Same; Constitutional Provision.**—While section 232, Constitution 1901, authorizes suits against foreign corporations in any county in which it does business, the section provides only for suits in courts having jurisdiction of the subject matter, and the legislative power to fix the jurisdiction of justices of the peace is unimpaired thereby.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by E. D. Goggins against the Southern Railway Company for damages for killing a cow, begun in the justice court and carried by the defendant to the circuit court on appeal. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals under Acts 1911, p. 450.

STOKELY, SCRIVNER & DOMINICK and I. M. ENGEL, for appellant. ESTES & JONES, for appellee.

THOMAS, J.—The appellant, a Virginia corporation, was sued in the justice court, precinct 33, Jefferson county, Ala., for negligently causing its locomotive to run over and kill appellee's cow.

The defendant corporation appeared specially, and moved the court to dismiss the case because the cause of action sued on did not arise in the precinct in which said suit was pending, and because the defendant was not a resident of said precinct. Thereafter, by way of special plea, defendant pleaded thus:

"That this court is without jurisdiction to hear and determine this cause, because  *  *  *  the cause of action sued on did not arise in the precinct in which this suit was filed, nor is defendant a resident of said precinct, but is a foreign corporation organized under *the laws* of the state of Virginia, and is a resident of said state, and is not a resident of the state of Alabama."

Plaintiff demurred to this special plea, challenging its sufficiency on the grounds that it failed to aver that the defendant was not doing business in said precinct, that it did not aver where the cause of action arose, and that it did not aver that plaintiff was a resident of said precinct. The court sustained the plaintiff's demurrer to said plea.

Appeal was taken to the circuit court of Jefferson county, and defendant there moved the court to dismiss the appeal, on the ground that the justice court had no jurisdiction to hear and determine the cause, which motion was overruled. Exception was duly reserved to the action of the court.

The question of jurisdiction was then presented by way of plea in abatement, and plaintiff's demurrers to the plea were sustained, whereupon defendant reserved due exception.

The complaint was refiled in the circuit court, and thereto the defendant pleaded the general issue. Jury being waived, the court rendered judgment, which was for the plaintiff. The question of jurisdiction was again raised, by motion to set aside the judgment and grant a new trial because of said alleged erroneous rulings of the court. The assignment of errors presents for review said rulings of the circuit court.

The bill of exceptions recited that: "On the hearing of said motion on the 4th day of March, 1915, it was admitted by both parties that E. H. Lopez, before whom this suit was originally brought, was a justice of the peace for precinct 33, Jefferson county, Ala.; that the alleged cause of action sued on arose in Shelby county, outside of said precinct 33, Jefferson county; that the plaintiff at the time the alleged cause of action arose and at the time of the filing of this suit was a resident of Shelby county, and resided outside of said precinct 33, Jefferson county; that the defendant was a foreign corporation, having been organized and existing under the laws of the state of Virginia; that the said defendant did business by agent in Shelby county, and also in precinct 33, Jefferson county, upon whom service could be had; that service of summons and complaint in this case was had upon such agent in said precinct 33, Jefferson county, Ala."

(1-3) It has been long declared that no person or corporation has a vested right to any particular remedy or form of procedure; that venue in civil actions against foreign or domestic corporations belongs to the procedure or remedy, and is no part of the right itself.—*Drennen Motor Car Co. v. Evans*, 192 Ala. 150, 68 South. 303; *Southern Railway Co. v. Jordan*, 192 Ala. 528, 68 South. 418; *Home Pro. Ins. Co. v. Richards*, 74 Ala. 466; Code 1907, §§ 6110, 6112.

The Constitution is to the effect that:

"No foreign corporation shall do any business in this state without having at least one known place of business and an

authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state."—Section 232.

This latter provision was taken literally from section 4 of article 14 of the Constitution of 1875.

The statute provides that a corporation may be sued in any county in which it does business by agent.—Code 1907, § 6112. This section formed section 4207 of the Code of 1896, and section 2642 of the Code of 1886, where it was a codification of the provision of the act of February 13, 1879 (p. 197).

This provision of the act, and section 12 of article 14, Constitution of 1875 (section 240, Const. 1901), were considered in *Home Pro. Ins. Co. v. Richards, supra,* where the holding was that the constitutional provision which declares that corporations "shall have the right to sue, and shall be subject to be sued in all courts, in like cases as natural persons" (article 14, § 12), forbids the imposition of arbitrary, unjust, and odious discriminations against them, under the form or guise of laws regulating judicial procedure; but it has no reference to the venue in civil actions, which belongs only to the remedy or form of procedure; it does not inhibit the passage of a general law authorizing a corporation to be sued in any county in which it transacts business through its agents, though an individual citizen can be sued only in the county of his residence. The question of venue of a suit against a foreign corporation was again considered in *Sullivan Timber Company,* 103 Ala. 371, 377, 15 South. 941, 943, 25 L. R. A. 543, where Chief Justice BRICKELL declared that: "The Constitution speaks in recognition of the known fact that the business foreign corporations are created and organized to transact, is varied, entering into nearly all the industries, commerce, and interests of the country. That in the course of the transaction of its business, the corporation would probably send its agents into other counties, beyond 'the known place of business' it had designated, for the transaction of such corporate business as was intrusted to them. In such counties, while doing business there, the Constitution subjects the corporation to suit, as well as within its domicile, or 'known place of business.' But it must be observed that the essential fact, upon which the liability to suit in other counties depends, is that it *'does business'*

in such counties, as the essential fact rendering it liable to a personal action in the courts of the state, prior to the Constitution, was that it was doing business within the state."

In *Montgomery Iron Works v. Eufaula Oil & Fertilizer Co.,* 110 Ala. 395, 20 South. 300, the question of venue of a suit against a corporation was considered, and it was held that the statute (Code 1886, § 2642), which authorized a suit against a corporation in any county in which it might do business by agent, was not the only authority for a suit against a corporation; that in actions ex delicto the plaintiff had the election to sue the corporation in the county in which the cause of action arose—in which the tort or wrong was committed—or in the county of its domicile.—*Hoge v. Herzberg,* 141 Ala. 439, 37 South. 591; *Drennen Motor Car Company v. Evans, supra.*

Recent decisions of this court on the question of venue of suits against a corporation was considered; and it was held that the to the effect that "all suits against corporations in any county where they do business by an agent, except as to actions for personal injuries, which said actions must be brought in the county in which the injury occurred, or in the county in which the plaintiff resides, if the corporation does business by an agent in the county of plaintiff's residence," may be brought in the county where the injury occurred, whether the plaintiff resides there or not, or whether the corporation did business there by agent or not. If not brought in the county where the injury occurred, then it may be brought in the county where the plaintiff resides, provided such corporation does business by agent in the county of plaintiff's residence.—*American Coal Corp. v. Roux,* 192 Ala. 574, 68 South. 970.

In *Drennen Motor Car Co. v. Evans, supra,* this court said: "What, then, is the meaning of sections 6110 and 6112 as to the venue of actions, other than those for personal injuries, against domestic corporations? These statutes, when construed together, specifically declare the venue of all personal actions, other than those for personal injuries, against domestic corporation, to be: (1) In the county of the residence or of the situs of the corporation; or (2) in the county where such corporation does business by agent; or (3) in the county in which the act or omission complained of may have been done or may have occurred."

The section of the Code (section 5303) provides that when the suit is against a corporation the summons may be executed

by the delivery of a copy of the summons and complaint to the president or other head thereof, or to the secretary, cashier, station agent, or any other agent thereof; and the declared application of this provision, equally, to foreign and domestic corporations (*Eagle Life Ass'n v. Redden,* 121 Ala. 346, 25 South. 779), is not in conflict with our several venue statutes adverted to.

.If the suit had been brought in the circuit or a city court of Jefferson county, it could have been sustained, but a different question is presented by its having been begun in a justice court. —Section 4652 of the Code, cited by counsel for appellant, relates only to procedure in those courts where the rules of the circuit court are applicable.

(4) It is clear that if the cow had not been killed in precinct 33 of Jefferson county ( and the condition provided for in sections 4649, 4650, of the Code did not exist), the justice of the peace for precinct 33 of said county would not have had the right to try the suit predicated thereon, in the absence of a special statute. This was in effect the holding in *Southern Railway Company vs. Fitzpatrick,* 195 Ala. 328, 70 South. 164. See, also, *Horton v. Elliott,* 90 Ala. 480, 8 South. 103; *Taylor v. Woods,* 52 Ala. 474. How, then, can it be successfully maintained that where the cause of action arose without the given precinct, and in another county, it is governed by a rule different from that having application where the cause of action arose without the precinct of the justice, but within the same county?

(5) It results that the justice of the peace had no authority to try the cause, and that the circuit court acquired no jurisdiction by the appeal thereto.—*Russell v. H. R. L. & P. Co.,* 137 Ala. 627, 34 South. 855.

(6) Although the Constitution authorizes suits of this character in any. county in which the defendant does business by agent, it means, of course, in only such courts as have jurisdiction of the subject-matter and the right to proceed to judgment in the cause between the parties. The section of the Constitution referred to, however, does not prevent the Legislature from providing for the jurisdiction and venue of actions before a justice of the peace.

Neither the Constitution nor the statute as to jurisdiction attempts to prescribe the venue in such cases. This is done by the several venue statutes adverted to.

It results that the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.