(120 So. 165)

## GENERAL MOTORS ACCEPTANCE CORPORATION v. HOME LOAN & FINANCE CO. (8 Div. 962.)

Supreme Court of Alabama. Nov. 8, 1928.

As Modified, on Denial of Rehearing, Feb. 2, 1929.

R. E. Smith, of Huntsville, and Mullins & Jenkins, of Birmingham, for appellant.

Lanier & Pride and Watts & White, all of Huntsville, for appellee.

FOSTER, J. ■ Appellant was a foreign corporation, and was sued in this case for conversion of two automobiles, alleged to have occurred in Madison county, Alabama. Appellant pleaded in abatement that it was a foreign corporation, and at the time suit was filed it had a known place of business in Alabama, to wit, Birmingham, and that it was not doing business by agent in Madison county at the time the cause of action arose, nor at the time the suit was begun. Plaintiff demurred to this plea.

This court in the case of Case Threshing Mach. Co. v. McGuire, 201 Ala. 203, 77 So. 729, held that under section 232 of the Constitution, the venue of a tort action against a foreign corporation is in a county where it was doing business when the suit was begun, and not in the county where the tort was committed. See, also, Ex parte Western Union Tel. Co., 200 Ala. 496, 76 So. 438.

There is no requirement of law that, to entitle defendant to the benefit of this plea, it must allege that it had a known place of business in Alabama at the time the cause of action arose. This is wholly immaterial.

Upon the foregoing authorities it is apparent that the plea in abatement was in good form, and not subject to the demurrer.

■ Appellee answers by contending that after such demurrer was sustained, plaintiff amended by adding additional counts to the complaint, and that such plea in abatement was not renewed to such additional counts, and cites authorities. The cases cited do not affect this question. They do not relate to pleas in abatement, but in bar. The plea in abatement went to the right to sue appellant in Madison county. That question need be determined but one time in the trial of one case. Each amendment is not the institution of a new suit. After the court has sustained demurrer to a plea in abatement going to the venue, it is not necessary at each stage thereafter to renew the plea in abatement; further pleadings and proceedings do not waive the error. Sec. 9517, Code; Terminal Oil Co. v. Planters' W. & G. Co., 197 Ala. 429, 73 So. 18; Steele v. Booker, 205 Ala. 210, 87 So. 203.

For the error of the court in sustaining demurrer to appellant's plea in abatement, the case must be reversed. It is, therefore, unnecessary to consider other assignments of error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.

## On Rehearing.

FOSTER, J. In the case of Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L. R. A. 543, this court construed section 4 of article 14 of the Constitution of 1875, which was as follows: "And such corporation [foreign corporation] may be sued in any county where it does business." This provision was readopted in the same language in the Constitution of 1901, § 232. By the readoption of such clause the construction placed upon the Constitution of 1875, became thereby adopted by the constitutional convention of 1901. The Sullivan Case, supra, clearly construed this provision to be mandatory and restrictive. The following is quoted for convenience:

"But it must be observed that the essential fact, upon which the liability to suit in other counties depends, is, *that it 'does business' in such counties; as the essential fact rendering it liable to a personal action, in the courts of the state, prior to the Constitution, was, that it was doing business within the state.* The material changes, *which the Constitution works, are that the corporation becomes liable to suit in any county in which it does business, and the process may be served, compelling it to appear, upon an agent anywhere in the state. The words of the statute are plain and unambiguous.* There is no room for construction or interpretation, or for an inquiry into the policy of the provision, or the motives which it may be supposed induced its adoption. It speaks of the present, not of the past, or of the future. The words, 'does business,' are equivalent in meaning, and expressive of the same thought, as the words 'doing business.' Unless we deflect these words from their plain and usual signification, or import into the Constitution words not found there, we are constrained to the conclusion that a foreign corporation having a known place of business in the state, is not subject to a *personal action, in a county beyond such place of business, unless, at the time of the commencement of suit, it was doing business in such county,* and that it is immaterial that the contract was made, or *the cause of action arose, on which the suit is founded, at some past time when the corporation was doing business in such county.*"

When the opinion in the case of Case Threshing Mach. Co. v. McGuire, supra, stated that the clause was permissive, and not restrictive, and at the same time held that a foreign corporation could not be sued in a county where a tort was committed, as provided in section 10467, we think the opinion was correct in its conclusion, but failed to state properly the interpretation of the Constitution as embraced in the Sullivan Case, supra, and failed properly to construe the case of Lewis v. International Ins. Co., 198 Ala. 411, 73 So. 629. If, as the opinion states, the Constitution was permissive and not restrictive, the effect would call for a different result than that stated in the McGuire Case, supra. The court also quotes from the Sullivan Case to the effect that the question of venue in the Constitution is dependent upon the foreign corporation doing business in the county when the suit is begun. The opinion evidently said what was not intended in stating that the Constitution was permissive, and not restrictive, in this respect. The effect of the Sullivan Case was also observed in the Lewis Case, supra. In both it is held only to apply when the foreign corporation has designated a known place and an authorized agent in this state.

In the case of Southern R. Co. v. Goggins, 198 Ala. 642, 73 So. 958, the question involved related to the venue of a suit as respects the precinct of a county and not as respects the county itself. The question we are now considering relates to the proper county. The court quoted a part of the above expression from the Sullivan Case; also from other cases which applied only to domestic corporations, and contained a statement to the effect that a county in which a tort arose may be the venue of a suit against a foreign corporation. The citations relate to domestic corporations, and the rule as applied to them is there correctly stated. No effort is made to differentiate or explain the Sullivan Case. This statement in the Goggins Case was not there in point. The Sullivan Case has been cited many times and never disapproved. This portion of it was likewise quoted in our more recent case of Jefferson Island Salt Co. v. Longyear, 210 Ala. 352, 98 So. 119. It is expressly stated that the court approves such quotation. It will be observed that it is also quoted in practically all our cases on this subject, and nowhere departed from nor questioned in any respect. It related to an action in assumpsit, and not in tort; but the rule stated is applied expressly to all actions of a personal nature. This must now be treated as authoritative and conclusive to the effect that in the respect under consideration section 232 is restrictive, and a venue statute in conflict with it cannot stand.

It results that the application for rehearing must be overruled.

All the Justices concur.