140 So. 429

## TENNESSEE VALLEY OIL & GAS CO. v. MARTIN.

### 8 Div. 354.

Supreme Court of Alabama.

March 17, 1932.

J. P. Mudd, of Birmingham, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

**BROWN, J.**

The defendant, before appearing or pleading otherwise, appeared specially and filed a plea to the jurisdiction of the court, alleging that it was a foreign corporation organized under the laws of the state of Delaware; that at the time of the commencement of the suit, to wit, August 10, 1931, it had a duly authorized resident agent residing in Selma, Ala., and at the commencement of this suit the defendant was not doing business in Jackson county, Ala.

The plaintiff demurred to this plea on the ground, among others, that it is not alleged in said plea that the defendant was not do-

ing business by agent in Jackson county, Ala., at the time the cause of action arose.

The court sustained the demurrer to the plea, and this ruling is the predicate for the only question argued.

The statute provides that either party may submit the controversy, arising under the Workmen's Compensation Law, "to the circuit court of the county which would have jurisdiction of a civil case in tort between the same parties." Code 1923, §§ 7571, 7578.

And it is settled by the decisions of this court, that a foreign corporation that has qualified to do business in this state, by designating an agent and a known place of business, is not suable in a county where it is not doing business by agent at the time of the commencement of the suit, though it may have committed a tort in such county that is made the basis of the plaintiff's action. General Motors Acceptance Corporation v. Home Loan & Finance Company, 218 Ala. 681, 120 So. 165.

The court therefore erred in sustaining the demurrer to the plea, and for this error the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.