154 So. 313

## ALABAMA WAREHOUSING CO. v. HYATT
### et al.
### 8 Div. 855.

Court of Appeals of Alabama.
March 27, 1934.

Rehearing Denied April 17, 1934.

Kingman C. Shelburne and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

D. Isbell, of Guntersville, for appellees.

SAMFORD, Judge.

This appellant was sued jointly with other defendants in the circuit court of Marshall county. Appearing specially for that purpose, this appellant filed the following plea in abatement:

"Comes Alabama Warehousing Company, a corporation, one of the defendants in the above styled cause, by its attorneys, appearing specially for the sole purpose of filing this plea in abatement, and for no other purpose whatsoever, and, for plea in abatement, says:

"The Alabama Warehousing Company is a foreign corporation, incorporated under the laws of the State of Delaware, with its home office at Wilmington, Delaware, and that at the time of the commencement of this action said corporation had a known place of business in the State of Alabama at Birmingham, in Jefferson County, Alabama, and had an authorized agent, namely H. K. Milner, upon whom service of legal process could be made, who resided at Birmingham, Jefferson County, Alabama, and defendant further avers that at the time of the commencement of this action it was not doing business by agent in Marshall County, Alabama. And this defendant further avers that at the time the alleged cause of action arose it was not doing business by agent in Marshall County, Alabama, nor did it have at said time a known place of business in Marshall County, Alabama, nor any authorized agent in said County upon whom service of legal process could be had.

"Wherefore, this defendant prays that this action against it be abated and that it be allowed to go hence with its costs in its behalf expended."

Demurrer to this plea was sustained, and the cause proceeded to judgment on the plea of the general issue in short by consent. There was judgment against all defendants, and this appellant appeals on the record without bill of exceptions.

The ruling on this plea is of primary importance testing the question of jurisdiction as to this appellant, and must be disposed of before the cause can proceed to judgment as against this appellant. Ford Motor

**118**

Company v. Hall Auto Company, etc., 226 Ala. 385, 147 So. 603.

The venue in this case as it affects this appellant is controlled by section 232 of the Constitution of 1901. The question has been fully discussed by Foster, J., in General Motors Acceptance Corporation v. Home Loan & Finance Company, 218 Ala. 681, 120 So. 165, which case was cited with approval in Tennessee Valley Oil & Gas Company v. Martin, 224 Ala. 348, 140 So. 429, and Murphy v. So. Surety Company, 24 Ala. App. 306, 134 So. 685.

The fact that this appellant was sued jointly with another who was subject to the jurisdiction of the court cannot avoid the mandate of the constitutional provision. The court erred in sustaining the demurrer to the plea in abatement, and for this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.