168 So. 147

**Ex parte KEMP et al.**

**6 Div. 929.**

Supreme Court of Alabama.

April 9, 1936.

Rehearing Denied May 28, 1936.

J. Reese Murray and J..P. Mudd, both of Birmingham, for petitioners.

Harsh, Harsh & Hare, of Birmingham, for respondent.

FOSTER, Justice.

This suit was begun in the Birmingham Division of Jefferson county on a cause of action which accrued in the Bessemer division against W. T. Kemp, as deputy sheriff there acting, and the surety on his bond, to wit, Royal Indemnity Company, a foreign corporation.

Kemp is alleged to be a resident of the Bessemer division, and Royal Indemnity Company to be doing business by agent in Jefferson county, both in Bessemer and Birmingham divisions.

The defendants moved to transfer the cause to Bessemer under section 6493, Code.

The only question argued is whether the suit can be maintained in Birmingham, or whether the Bessemer court has exclusive jurisdiction under the circumstances. Section 2 of the Local Acts of 1919, pp. 62, 63, provides that the circuit court at Bessemer "shall have, exercise and possess all of the jurisdiction and the powers which are now or which may hereafter be conferred by law on the several Circuit Courts of this State, which said jurisdiction and powers shall be exclusive in, limited to, and extend over that portion of the territory [described in detail], and from and over the above mentioned and described territory all jurisdiction and powers heretofore or now exercised or existing therein by the Circuit Court of the Tenth Judicial Circuit, as now held at Birmingham, is hereby expressly excluded."

It is not as restrictive as is declared in section 8711, Code, applicable to justice courts in the several precincts of a county. It more nearly resembles the rule applicable to different counties in the state.

The terms of the act relate to jurisdiction and powers and do not mention venue, but we assume that the venue statutes relating to separate counties have application to the divisions thus made of Jefferson county.

■ It was held in Ex parte Fairfield-American National Bank, 223 Ala. 252, 135 So. 447, that a corporation, incorporated in Jefferson county, having its office and principal place of business at Ensley (which we judicially know is a part of Birmingham), was suable either in the Birmingham or Bessemer division, in equity, for a fraudulent sale of property situated in the Bessemer division, because the domicile of the corporation was averred to be at Ensley in Birmingham; and a suit in equity may be filed in any county where a material defendant resides. Section 6524, Code. Section 232 of the Constitution means that a foreign corporation may be sued in a county where it does business by agent, regardless of statutory requirements to a different effect. General Motors Acceptance Corporation v. Home Loan & Finance Co., 218 Ala. 681, 120 So. 165; Tennessee Valley Oil & Gas Co. v. Martin, 224 Ala. 348, 140 So. 429.

■ And it is immaterial in that respect where the cause of action arose. Section 10471, Code. So that if Bessemer and Birmingham were in different counties, a suit could be brought against the defendant, foreign corporation, in Birmingham for a cause of action which arose in Bessemer, and in the same suit add as a defendant a person who resides in Bessemer. National Surety Co. v. First Nat. Bank, 225 Ala. 108, 142 So. 414; Louisville & Nashville R. Co. v. Strickland, 219 Ala. 581, 122 So. 693; Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663; Section 9418, Code.

■ We do not read in the act of 1919 any more specific requirement as to the venue of suits in Bessemer than if it were in

a different county from Birmingham. While it may not violate section 232, Constitution, for a statute to require suits against a foreign corporation which does business in Jefferson county to be had in the Bessemer division on all causes of action which arise there, it is not so enacted. But a suit against such a corporation may be maintained in any circuit court of that or any other county in which it does business by agent, regardless of the number of branch courts, unless as to the latter there is some restriction fixed by law, and as in justice courts. Southern Ry. Co. v. Goggins, 198 Ala. 642, 73 So. 958; Southern Ry. Co. v. Fitzpatrick, 195 Ala. 328, 70 So. 164.

Since there does not appear to exist any such restriction applicable to the circuit courts of Jefferson county, we think that plaintiff had the right to elect whether to sue in the circuit court of one or the other division.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.