180 So. 93

**MAY, Sheriff, et al. v. STRICKLAND.**

**4 Div. 7.**

Supreme Court of Alabama.

March 24, 1938.

L. A. Farmer, of Dothan, for appellants.

H. R. McClintock, of Dothan, and W. J. Tindle, of Fort Payne, for appellee.

KNIGHT, Justice.

Suit in trespass and trover.

The tort, if any, was committed in Houston county, and grew out of the levy made by May, as sheriff of Houston county, upon certain goods and chattels, under executions issued upon judgments theretofore rendered against the plaintiff's husband, in favor of two certain creditors.* It was the contention of the plaintiff that the goods and chattels, levied upon and sold under these executions, were her property.

To induce the sheriff to make the levy, the judgment creditors gave May an indemnifying bond with the defendant United States Fidelity & Guaranty Company as surety.

While the suit, as originally filed, named the said May, the execution creditors, and the said United States Fidelity & Guaranty Company as joint defendants, and alleged generally that the tort complained of in each of the two counts of the complaint was committed jointly by the four named defendants, yet the service upon the two execution creditors was quashed, and the trial proceeded against the other two defendants.

The defendant United States Fidelity & Guaranty Company, appearing specially for that purpose, filed a plea in abatement of the action against it. This plea averred: "(1) That at the time the suit was filed and at the time of the service of the summons and complaint, it was a foreign corporation and was not doing business by agent in Houston County, Alabama." The court on motion of the plaintiff struck this plea, and required the said defendant to plead to the merits of the cause.

Section 232 of the Constitution provides that a foreign corporation, having qualified to do business in this state by designating an agent and known place of business, "may be sued in any county where it does business, by service of process upon an agent anywhere in the state."

■ This constitutional provision, we have held, is restrictive in its operation. General Motors Acceptance Corporation v. Home Loan & Finance Co., 218 Ala. 681, 120 So. 165.

■ In the case of General Motors Acceptance Corporation v. Home Loan & Finance Co., supra, we held, following the rule announced in the case of Case Threshing Mach. Co. v. McGuire, 201 Ala. 203, 77 So. 729, that, under section 232 of the Constitution, the venue of a tort action against a foreign corporation is in a county where it was doing business when the suit was begun, *and not in the county where the tort was committed.*

484

■ The question of whether it is within the power of a foreign corporation to waive the benefits of this feature of section 232 of the Constitution is not here properly presented, and until properly presented, will not be considered. The question cannot be raised by motion. Waiver or estoppel must be pleaded. In this case the matter should be presented by replication, for in this way authoritative expression of the court may be had on the subject. As the matter now stands, we express no opinion.

■ Whatever may be the defects, if any, of the plea in abatement filed by the corporate defendant, it was not "prolix, irrelevant, or frivolous, or unnecessarily repeated," and, therefore, the court committed error in striking the same on motion of the plaintiff. Demurrer, and not motion to strike, is the appropriate method of testing the sufficiency of pleas. Motions to strike should be granted only where the pleadings are "unnecessarily prolix, irrelevant, or frivolous, or unnecessarily repeated." Code, § 9458; Sloss-Sheffield Steel & Iron Co. v. Webb, 184 Ala. 452, 63 So. 518; Powell v. Crawford, 110 Ala. 294, 300, 18 So. 302; Lindsay v. Morris, 100 Ala. 546, 550, 13 So. 619; Mobile Electric Co. v. Sanges, 169 Ala. 341, 53 So. 176, Ann. Cas.1912B, 461.

The corporate defendant might well consider, on the remandment of this cause, the propriety of averring in, and as a part of the plea in abatement, that the defendant corporation had qualified to do business in the state and had a designated agent, and a known place of business therein. See Parker v. Central of Georgia R. Co., 233 Ala. 149, 170 So. 333.

■ Under the evidence, the defendants were not entitled to the general affirmative charge, and, therefore, the court committed no error in refusing this charge.

In brief of counsel for the appellee, it is argued that, inasmuch as the goods were less in value than the exemption allowed by law to the debtor, he could make any disposition of the same he might choose, without invading any rights of the creditors.

■ We have uniformly held that a sale or other disposition of property, which is by law exempt from the payment of debts, cannot be impeached by creditors as fraudulent. The property, in such cases, not being subject to the demands of creditors, they cannot be concerned with it, and, as

to them, his power of disposition is unlimited. Alley v. Daniel, 75 Ala. 403; Pollak et al. v. McNeil et al., 100 Ala. 203, 13 So. 937. We have also consistently held that if the debtor does not own personal property exceeding in value $1000, a selection is unnecessary. The law intervenes and attaches the right of exemption, without the doing of any act on his part. Alley v. Daniel, supra.

However, there is nothing in the evidence to even suggest that the property, which was included in the bill of sale from the husband to the wife, was all the personal property owned by him at that time. Non constat, he may have owned, at that time, other personal property largely in excess of the amount allowed by law as personal property exemption.

■ On cross-examination of S. W. Strickland, the husband of the plaintiff, and who had been offered as a witness by the plaintiff, the defendants propounded to him the following question: "What kind of advertisement do you run in the paper about your being in business in Dothan, or the Strickland Jewelry Company being in business in Dothan, for so many years?" The court sustained the plaintiff's objection to this question, and refused to permit the witness to make answer thereto. In this ruling the court committed error. The evidence showed that after the alleged sale of the goods by the witness to his wife, there had been no change whatever in the possession of the property. The defendants were attacking the sale as being fraudulent, and there was evidence in the case tending to show that the said S. W. Strickland had conveyed the property to his wife for the purpose of shifting the title from himself, and thereby to place it beyond the reach of his creditors. In other words, the defendants were attacking the bona fides of the transaction. The evidence, as above pointed out, showed that after the sale, the said S. W. Strickland, the grantor, had continued in the possession of the property; he insisting that his possession was that of agent for his wife. The evidence sought to be elicited by the question was for the purpose of impeaching the witness in this particular. As such it was competent, for in cases involving fraud, as a general rule, great latitude is allowed in the range of evidence.

■ In the case of Chenault v. Stewart et al., 198 Ala. 288, 73 So. 501, it was held that however slight may be the tendency

of a particular fact to show intent to hinder, delay, or defraud, it is admissible when the creditor assails a conveyance of his, debtor; and great latitude is allowed as to proof in such cases. This rule of evidence has obtained in this state for upward of an hundred years, and is too firmly established to be even doubted. The rule is "indispensable to truth and justice." We are, therefore, persuaded that the trial court committed reversible error in sustaining the plaintiff's objection to the above-stated question.

We have considered the few other remaining assignments of error, but find them without merit.

For the errors above pointed out, the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.