185 So. 753

**PITTMAN v. JOHNSON, Tax Assessor.**

**6 Div. 440.**

Supreme Court of Alabama.
Jan. 12, 1939.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Sam C. Pointer, of Birmingham, for appellee.

ANDERSON, Chief Justice.

The appellee, Tax Assessor, proceeded to assess property under Section 6 of the Act of 1935, Page 263, which provides that: "All taxable property within this State shall be assessed for the purpose of taxation at sixty per cent of its fair and reasonable market value."

The question for determination is the correctness of this action or whether or not the property should have been assessed at its full market value in so far as it may have related to the special county tax of not exceeding thirty cents on each one hundred dollars worth of the taxable property as authorized by an Amendment to the Constitution of 1901. Said amendment is set out in the Acts of 1915, page 107, and Michie's Code 1928, page 88, Amend. No. 3.

We think, and so hold, that the assessor properly proceeded under the above quoted provision of the Act of 1935, and which is fully justified by way of analogy in the case of State v. Birmingham Southern R. Co., 182 Ala. 475, 62 So. 77, Ann.Cas.1915D, 436, which said case was decided twenty-five years ago, was carefully considered and has been frequently followed and approved by this court and is supported by the authorities in other states.

The appellant insists that this case is removed from the influence of the Birmingham Southern R. Co. Case, supra, by virtue of Section 1 of the Amendment to the Constitution, which said provision reads as follows, to-wit: "The several counties in the State shall have power to levy and collect a special county tax not exceeding thirty cents on each one hundred dollars worth of taxable property in such counties in addition to that now authorized or that may hereafter be authorized for public school purposes, and in addition to that now authorized under Section 260 of Article 14 of the Constitution;

provided, that the rate of such tax, the time it is to continue and the purpose thereof shall have been first submitted to the vote of the qualified electors of the county, and voted for by a majority of those voting at such election."

This provision was intended to authorize the respective counties to raise additional revenue for educational purposes under the conditions there required and it was evidently not intended to deal with or change existing laws as to the method of ascertaining and fixing the assessable value of property or to require a different rule for this special thirty cent tax from the one governing the assessment of other taxes. Not only was no change expressly made by the amendment but the proponents of same evidently had in mind the existing method as approved in the Birmingham Southern R. Co. Case, supra, and evidently intended that the assessment there provided should harmonize with the general system of assessing property, otherwise they would have based the per cent on the actual or marketable value of the property instead of the "taxable property" as used in the amendment. "Taxable property" was at the time defined and well understood as being sixty per cent of the marketable value and the other forty per cent was, in effect, exempt and not "taxable property" as mentioned in the amendment. State v. Birmingham Southern R. Co., 182 Ala. 475, 62 So. 77, Ann.Cas.1915D, 436; General Motors Acceptance Corporation v. Home Loan & Finance Co., 218 Ala. 681, 120 So. 165.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.