Plaintiff, John David Hodges sued General Shale Products Corporation, LN Railroad Company and others in Jefferson Circuit Court for personal injuries. LN entered a general appearance. General Shale objected to the venue and the cause was abated as to it. We reverse and remand.
General Shale's objection to venue was in the form of a motion to transfer the action to Madison Circuit Court. In its motion, General Shale alleged that it is a Delaware corporation which has qualified to do business in Alabama; that, on the date of the filing of this action, it was not doing business in Jefferson County; and, that, under § 232, Constitution of 1901, it could not be sued in Jefferson County. General Shale later moved that this motion be treated as a plea in abatement. Its motion was granted, and subsequently the action was abated as *Page 418 
to General Shale. Final judgment was entered pursuant to Rule 54 (b), Alabama Rules of Civil Procedure, and plaintiff has appealed.
Plaintiff Hodges contends that Rule 82 (d), ARCP, requires that, when an action is filed laying venue in the wrong county, the trial court shall transfer the action to the court in which it might have been properly filed, rather than to dismiss it.
General Shale contends that the trial court had three alternatives: (1) transfer of the case against the defendant as to whom there is improper venue; (2) transfer of the case against all defendants; or (3) dismissal of the case against the defendant as to whom there is no venue. The first, it argues, is untenable because venue cannot be changed as to one defendant and not as to all and because such a transfer would impinge upon the defendants' rights to cross-actions against each other. The second alternative, it argues, would violate the right of LN not to contest the venue originally chosen. It argues that dismissal is the only reasonable action where there is proper venue as to one defendant but not as to a co-defendant who is entitled to the protection of § 232, supra.
General Shale cites the last sentence of Rule 19 (a), ARCP, in support of dismissal. It argues that Rule 82 (d) is not applicable to the present case because it contemplates only one defendant. We do not agree.
We hold that the trial court erred in dismissing General Shale from the action. Rule 82 (d), ARCP, provides,
 "When an action is filed laying venue in the wrong county, the court, on timely motion, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein. . . ."
There may be situations in which the interaction of Rule 19, ARCP, and § 232, Constitution of 1901, would prevent the application of Rule 82 (d) and make dismissal the only alternative, but such circumstances do not appear in the record before us. Dismissal is a severe penalty and is warranted only in the most unusual circumstances. Cf. 1 Moore's Federal Practice ¶ 0.146[5].
The policy of our Rules of Civil Procedure is "to secure the just, speedy and inexpensive determination of every action." Rule 1, ARCP. In the present case, this policy is best served by adhering to the provisions of Rule 82 (d), supra. Because the statute of limitations on actions for personal injury has run, dismissal of General Shale works an injustice by preventing disposition of plaintiff's claim on its merits against this defendant. Transfer would enable the action to go forward in the proper venue.
The last sentence of Rule 19 (a), ARCP, applies where there are absent persons who must be joined as parties if feasible and is not applicable to the present case. Wright Miller, Federal Practice and Procedure: Civil § 1610.
Where transfer is the proper remedy, there are, as General Shale has pointed out, two possibilities — transfer of the entire action and transfer of the defendant as to whom venue is improper. Considering the interest in judicial economy, transfer of the entire action is clearly the preferred alternative. There are, however, situations in which severance and transfer may be necessary. See Committee Comments, Rule 82, ARCP.
General Shale speaks of dragging LN from Jefferson County, where it is content to remain, to Madison County and of depriving it of its rights not to contest venue. If LN objects to a transfer of the entire case to Madison, it will have an opportunity to interpose its objections before the trial court, and the trial court will have an opportunity to determine whether those objections justify severance and transfer of General Shale alone.
The rigid rule of Van Dyke v. Battle, 1 Stewart 218 (Ala. 1827), that venue in a civil action cannot be changed as to one defendant and not as to all is contrary to the policy of the Alabama Rules of Civil *Page 419 
Procedure and is overruled. Its application would, in some cases, require dismissal even when there is no valid reason against severance and transfer. Rule 19, ARCP, now governs as to when different persons shall be joined as parties in a single action. It makes little sense to prohibit severance and transfer in cases in which, as in the present case, separate actions could have been brought originally.
We agree with General Shale that severance and transfer could make it inconvenient for defendants to maintain cross-actions. That inconvenience is one reason why transfer of the entire action may be the most desirable remedy to a venue problem, but convenience and judicial economy do not outweigh the overwhelming public interest in having cases disposed of on their merits. Severance and transfer may not be the most desirable remedy, but it may not be the least desirable either — i.e., dismissal.
This cause is reversed and remanded to the trial court for the entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
JONES, ALMON, EMBRY and BEATTY, JJ., concur.