388 So.2d 977 (1980)
ROLAND PUGH MINING COMPANY, et al.
v.
Louis Coleman SMITH, III.
ROLAND PUGH MINING COMPANY, et al.
v.
Erick BARNES.
ROLAND PUGH MINING COMPANY, et al.
v.
Albert HAMNER.
ROLAND PUGH MINING COMPANY, et al.
v.
Alvin HAMNER.
79-113 to 79-116.
Supreme Court of Alabama.
October 3, 1980.
*978 W. Stancil Starnes and James H. Starnes of Starnes & Atchison, Birmingham, for appellants.
Claude Burns, Jr. and Robert V. Wooldridge, Jr., Tuscaloosa, and Alex W. Newton and C. Terrell Wynn of Hare, Wynn & Newton, Birmingham, for appellees.
PER CURIAM.
Plaintiffs, all residents of Tuscaloosa County, brought suit in Jefferson County against Ervin Earl Gray, an individual resident of Tuscaloosa County, Roland Pugh Construction Company and Roland Pugh Mining Company, domestic corporations doing business in Tuscaloosa County but not in Jefferson County and General Motors Corporation, a foreign corporation qualified to do business in Alabama and doing business both in Jefferson County and in Tuscaloosa County. The suits were for personal injuries which arose out of an automobile accident that occurred in Tuscaloosa County.
Defendants Ervin Earl Gray, Roland Pugh Construction Company and Roland Pugh Mining Company filed timely motions to transfer these cases to Tuscaloosa County. After a hearing on the motions, the Honorable Thomas E. Huey, Judge of the Jefferson County Circuit Court, entered interlocutory orders denying them. In its orders, the court recognized that the issue "involved a controlling question of law as to which there is a substantial ground for a difference of opinion...." Thereupon defendants Gray, Pugh Construction, and Pugh Mining filed a petition for permission to appeal all four interlocutory orders under ARAP 5, which we granted. We affirm.
Under ARCP 82(c), "[w]henever an action has been commenced in a proper county, additional claims and parties may be joined, ... as ancillary thereto, without regard to whether that county would be proper venue for an independent action on such claims or against such parties." This rule is subject to the limitation that a foreign *979 corporation may not be sued in a county in which it does not do business, regardless of whether it is sued jointly with someone as to whom venue is good in that county. Alabama Warehousing Co. v. Hyatt, 26 Ala.App. 117, 154 So. 313 (1934). See also ARCP 82(c), Comment. The basis of this limitation is found in the Alabama Constitution, Ala.Const. art. XII, § 232. That section does not apply, however, to domestic corporations. Harris v. Elliott, 277 Ala. 421, 171 So.2d 237 (1965); Ex parte Western Union Telegraph Co., 200 Ala. 496, 76 So. 438 (1917).
Code 1975, § 6-3-7, provides:
A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence.
The appellants argue that the proviso contained in this statute is mandatory and compels the conclusion that all actions for personal injury against a domestic corporation must be brought either in the county where the injury occurred, or where the plaintiff resides if the corporation does business by agent in the latter county. We agree that this is a correct interpretation of the statute where a domestic corporation is the sole defendant. In speaking to this issue in 1906, in Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663 (1906), this Court said:
The [domestic] corporation was sued jointly with Stewart [an individual], and in Marshall county, where Stewart resided, and under sections 4205 [now § 6-3-2, Code] and 3271 [later T. 7, § 185-the Branch Summons Statute, now Rule 4, ARCP] the question of venue was not open to the Eagle Iron Company so long as Stewart was a joint defendant; but, after the plaintiff eliminated Stewart from the suit, the corporation became the sole defendant, and had the right to then question the venue of the action. Section 4207 applies to suits against corporations when they are sole defendants, and does not conflict with sections 4205 and 3271 in reference to suits against two or more defendants. [Emphasis added.]
147 Ala. 613, at 617, 41 So. at 664.
Again, in Louisville & N.R. Co. v. Strickland, 219 Ala. 581, 122 So. 693 (1929):
Section 9418 of the Code [now Rule 4, ARCP], as heretofore pointed out, provides that any joint and several action may be brought in a county having jurisdiction of any one of the defendants, and be executed in any county in the state.
... This section of the Code has been held to justify suit against a domestic corporation not doing business in the county, when a codefendant is an individual residing therein. Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663. It is immaterial in this respect whether the joint defendant properly sued in the county is an individual or a corporation.... There is no constitutional provision prohibiting a suit against a domestic corporation in a county where it is not doing business.
Rule 82(c), ARCP, simply restates the statutes as heretofore construed by this Court in providing:
Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.
In this case, venue as to General Motors is proper in Jefferson County. Therefore, venue is not improper there as to the other defendants. Ingram v. Omelet Shoppe, Inc. [1980] 388 So.2d 190 (Ala. 1980). Ex parte Cummings, Gazaway & Scott, Inc., 386 So.2d 732 (Ala. 1980).
The judgment of the trial court is affirmed.
AFFIRMED.
All the Justices concur, except TORBERT, C. J., who dissents.
*980 TORBERT, Chief Justice (dissenting).
As a general rule, venue good as to one defendant is good as to all, but that rule is not all encompassing, and it may be limited by statute or constitutional provision. Hodges v. General Shale Products Corp., 346 So.2d 416 (Ala. 1977). The legislature has by statute clearly limited this rule in the case of personal injury actions against domestic corporations, and Roland Pugh Construction Company and Roland Pugh Mining Company should therefore be subject to suit for personal injuries only in Tuscaloosa County, the site of the accident and the county of the plaintiffs' residence.
The majority cites Louisville & N.R. Co. v. Strickland, 219 Ala. 581, 122 So. 693 (1929), and Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663 (1906), for the proposition that Code 1975, § 6-3-7, is not mandatory where a domestic corporation is sued jointly in a county where venue is good as to one or more of the other defendants but not as to the corporation. What the majority fails to recognize, however, is that those two cases deal with actions for breach of contract. The special proviso for domestic corporations in Code 1975, § 6-3-7, states that "all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence." It is only in personal injury actions against domestic corporations that the legislature has limited venue to the county where the injury occurred or the county of the plaintiff's residence if the corporation does business there. Eagle Iron and L & N Railroad, both breach of contract cases, are therefore not applicable in this case, since it falls within the proviso of Code 1975, § 6-3-7.
Code 1975, § 6-3-7, reflects a legitimate legislative intention that a civil action be situated in a county having a substantial interest in the litigation. Joinder of a corporation doing business in other counties should not constitute a basis for bootstrapping a case into the courts of a county that has, at best, a tenuous connection with the litigation. In the cases before us, the only connection between the actions and Jefferson County is that General Motors Corporation, a relatively nominal defendant, does business there. General Motors, however, does business in virtually every county in the state. The majority's decision would allow suits brought by and against residents of a county, based on events taking place in that county, to be brought in any county in the state, merely by joining as a defendant a corporation doing business in more than one county, regardless of the added expense, delay, and inconvenience to the defendants. I do not believe the legislators intended such a result when they enacted Code 1975, § 6-3-7, as they clearly, by the use of unambiguous language, sought to limit the venue of personal injury actions. By using the word "must" as opposed to the word "may" in setting out the venue for personal injury actions against domestic corporations, the legislature evidenced this intention to place a mandatory limitation on the venue of such actions. When the legislature uses a mandatory word such as "must," it should be given a mandatory meaning unless the legislature has clearly expressed a contrary intent. See, Prince v. Hunter, [1980] 388 So.2d 546 (Ala. 1980). The proviso of Code 1975, § 6-3-7, concerning personal injury suits against domestic corporations, contrasts sharply with the preceding portion of the statute, which states that "a domestic corporation may be sued in any county in which it does business." Since the legislature made a clear exception for personal injury cases, and since it used the mandatory word "must" in stating that exception, the clearly expressed intent of the legislature should be given effect.