423 So.2d 1367 (1982)
Ex parte John McGUGIN, et al.
(Re BARRETT MOBILE HOME TRANSPORT, INC., et al. v. John McGUGIN, et al.)
80-870.
Supreme Court of Alabama.
February 19, 1982.
Rehearing Denied April 9, 1982.
Joseph C. McCorquodale, III of McCorquodale & McCorquodale, Jackson, for petitioners.
John W. Cooper, Mentone, for respondents.
MADDOX, Justice.
The plaintiffs in this case received a jury verdict in the amount of $3,536.00 in the Circuit Court of Clarke County on claims of breach of contract and negligence. The Court of Civil Appeals reversed the judgment of the circuit court, because it determined *1368 that the Circuit Court of Clarke County lacked proper venue to decide the case. The plaintiffs then petitioned this Court for writ of certiorari, asking us to review the decision of the Court of Civil Appeals that the plaintiffs could not properly pursue this claim in Clarke County. They claim that the decision conflicts with our prior decisions.
The facts as set out in the opinion rendered by the Court of Civil Appeals are as follows:
"On August 22, 1975 Harry J. and Brenda K. Willis purchased a used Concord mobile home from Mustang Mobile Homes of Alabama and executed a `credit sale contract and security agreement' granting Mustang a security interest in the home. That same day, Mustang assigned all of its rights in the secured collateral or proceeds thereof to Midland Guardian Company. Although the Willises had signed the contract and security agreement for the mobile home, John and Lois McGugin, Mrs. Willis's parents, made all the payments on the mobile home and lived in it.
"In 1976 H.L. Williams was employed by Barrett Mobile Home Transport, a Minnesota corporation, as a mobile home mover. On the morning of August 23, 1976 Williams arrived in Jackson, Alabama to transport the McGugins' mobile home to Irvington, Alabama. After placing the trailer on the carrying frame, Williams inspected the frame's undercarriage, put air in its tires, and hitched the frame to his truck cab. Williams then attempted to move the mobile home from a small dirt road adjoining the McGugins' trailer park lot onto a paved two lane highway which abutted the park. To reach the two lane highway, Williams had to drive his truck and carrying frame up the dirt road, over a hump two feet in front of the paved highway, and onto the highway itself. The carrying frame was supported by a series of three axles. When the frame's third axle attempted to traverse the hump, it rose approximately one foot off the dirt road and then returned to the ground. The frame's `tongue' simultaneously dug a hole in the asphalt of the highway and the roof, sides, and floor of the McGugins' mobile home cracked. Williams moved the damaged mobile home back onto the dirt road leading from the trailer park to the paved highway but refused to return it to the McGugins' lot within the park. Williams proceeded to contact Barrett's district manager in Birmingham, Alabama, who subsequently appeared in Jackson. Neither Barrett nor Williams offered to repair the damaged trailer at Barrett's expense or to move it back onto the McGugins' trailer park lot.
"Almost immediately after the accident, Barrett's district manager asked Mr. Sol Stewart, owner of a mobile home dealership in Jackson, Alabama, to remove the mobile home from the trailer park to his mobile home dealership lot until Barrett decided what it would ultimately do with the home. Stewart complied with this request and the home remained on his storage lot for three or four months thereafter until agents of Mustang Mobile Homes repossessed it in April 1977 for the benefit of Midland Guardian. Stewart charged Barrett ten dollars for moving the home but did not receive any money for storing it.
"On September [1], 1976 John and Lois McGugin filed a three count complaint in the Circuit Court of Clarke County against Barrett and Williams. Count one alleged that these defendants had breached their contract to move plaintiffs' mobile home from Jackson to Mobile, Alabama by failing to move same. Count two charged defendants with negligence in moving the mobile home. Count three stated that defendants had converted the home to their use. Defendants moved the court to change the venue of the action from Clarke County to Jefferson County on the grounds that Barrett was a foreign corporation which did not do business by agent in Clarke County.

*1369 "After their venue motion was denied, defendants then filed an answer and counterclaim. Plaintiffs denied the counterclaim. The case was tried before a jury on the breach of contract and negligence counts of the complaint. A verdict was rendered for plaintiffs in the amount of $3,536. Defendants moved for a judgment n.o.v. or, in the alternative, for a new trial. These motions were denied. An appeal was perfected and several issues were raised, among them being the question of proper venue."
The Court of Civil Appeals concluded:
"Article 12, § 232 of the Alabama Constitution and § 6-3-7, Code 1975, prohibit the maintenance of a lawsuit in a county against a foreign corporation qualified to do business in this state where the corporation was not doing business by agent in the county at the time the lawsuit was filed. Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940). Moreover, this rule obtains `regardless of whether it [i.e., the corporation] is sued jointly with someone as to whom venue is good in that county.' Roland Pugh Mining Co. v. Smith, 388 So.2d 977 (Ala.1980). Thus, if Barrett, a Minnesota corporation licensed to do business in Alabama, was not doing business in Clarke County at the time plaintiffs instituted their lawsuit against Barrett and Williams, the circuit court erred in refusing to transfer the case to Jefferson County, where Barrett conceded that it was doing business on September 1, 1976.
* * * * * *
Barrett was not doing business by agent in Clarke County when this action was commenced in its circuit court and that court erred to reversal in refusing to transfer this case to Jefferson County."
We disagree.
Article 12, § 232, Constitution of Alabama, 1901 states the following:
"Sec. 232. Foreign corporations doing business in state.
"No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state."
Section 6-3-7, Code of Alabama, 1975, states:
"§ 6-3-7. [Venue]Against foreign and domestic corporations.
"A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence. (Code 1886, § 2642; Code 1896, § 4207; Code 1907, § 6112; Acts 1919, No. 254, p. 240; Code 1923, § 10471; Code 1940, T. 7, § 60.)"
In interpreting § 10471, Code of Alabama, 1923 (which was the predecessor of § 6-3-7, Code of Alabama, 1975), this Court stated:
"The Constitution is self-executing, mandatory and restrictive; limits the venue of an action against a foreign corporation which has qualified to do business in Alabama to a county where the corporation is doing business at the time of suit brought and service had. By its own force the Constitution strikes down the provision of the statute purporting to permit suits against a foreign corporation in a county where it was doing business at the time the cause of action arose. This clause of the statute is limited to actions against domestic corporations. *1370 Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L.R.A. 543; General Motors Acceptance Corporation v. Home Loan & Finance Co., 218 Ala. 681, 120 So. 165; May, Sheriff et al. v. Strickland, 235 Ala. 482, 180 So. 93; Ex parte Kemp et al., 232 Ala. 434, 168 So. 147."
Bolton v. White Motor Co., 194 So. 510, 239 Ala. 168, 171 (1940).
We determine that Barrett was doing business in Clarke County on September 1, 1976, the date on which the plaintiffs brought their suit. Barrett was in the business of moving mobile homes and had contracted to move the mobile home of the plaintiffs. The mobile home which the parties had contracted to have moved and which Barrett had undertaken to move was still in Clarke County on September 1, being stored by Stewart at Barrett's request. The contract was still in effect on September 1, 1976.
This Court cannot adopt a policy that would allow a foreign corporation qualified to do business in Alabama, upon the occurrence of any problem which might arise during the performance of a contract, to remove all of its agents from that county and thereby force a person injured or damaged to sue the corporation in the county of the corporation's choosing. The traditional notions of fair play prevent a determination which would create such an injustice, especially when the claim of injury arises out of the business done in the county.
This finding is in no way dispositive of all of the issues raised by Barrett on his appeal to the Court of Civil Appeals. It is only to say that, under the facts presented, this action could have been, and was properly, brought in the Circuit Court of Clarke County. The Court of Civil Appeals erred in saying that it was not.
The judgment of the Court of Civil Appeals is hereby reversed and the cause remanded to the Court of Civil Appeals for disposition not inconsistent with this opinion.
REVERSED AND REMANDED.
FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.
TORBERT, Chief Justice (concurring specially).
The maintenance of a lawsuit against a foreign corporation that is qualified to do business in Alabama is prohibited by the Alabama Constitution in a county where that corporation is not doing business. The Alabama Constitution provides in pertinent part:
No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state....
Ala.Const. art. XII, § 232.
For the plaintiff to maintain the suit in Clarke County, Barrett must have been doing business by agent in that county at the time the suit was filed. Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940).
We today hold that Barrett Mobile Home Transport, Inc. was, by virtue of an executory contract, doing business in Clarke County. I concur in the Court's judgment, but only because of the determination that, as a matter of fact, Barrett was doing business by agent in Clarke County at the time the suit was filed.
An agency is determined by facts and not by how the parties characterize their relationship, and the real character of the relationship is not affected by an agreement that no agency exists or that some other relationship does. Semo Aviation, Inc. v. Southeastern Airways Corp., 360 So.2d 936 (Ala.1978). The fundamental factor in determining whether an agency relationship exists is whether the principal has a right of *1371 control over his agent. It is not essential that the right of control be exercised, so long as that right actually exists. Wood Chevrolet Co. v. Bank of the Southeast, 352 So.2d 1350 (Ala.1977). Here it has been determined that there was an agent of Barrett doing business in Clarke County.
In August, 1976, plaintiff McGugin entered into a contract with Barrett to move his mobile home from Clarke County to Mobile, Alabama. Williams, an agent of Barrett, was to inspect and move the mobile home pursuant to the contract. After being prepared for transit, the mobile home was attached to Williams's truck and pulled onto the highway where the injury occurred. At this time, Williams contacted Barrett's district manager in Birmingham, Alabama, who subsequently came to inspect the damage. While neither Barrett nor Williams offered to repair the damaged trailer or to move it back to its original location, Barrett did contact Sol Stewart, the owner of a local mobile home dealership, to look at the damage, to determine what caused the injury, and to move the damaged mobile home to his lot in Clarke County for storage until Barrett could determine what action should be taken. The damaged mobile home was still located on Stewart's lot when this action was commenced.
There is no dispute that Williams was an agent of Barrett and that Barrett has yet to perform on the contract. Yet, neither of these facts as a matter of law leads to the conclusion that Barrett was doing business by agent in Clarke County. For Barrett to be doing business in Clarke County at the time the suit was filed, some agent must have been present within that county. The trial court has determined that this was the case. From the evidence presented, it can be surmised that when the mobile home became damaged and its possession was transferred from Williams to Stewart at Barrett's direction, then the agency relationship was likewise transferred. Though no express agreement of an agency existed, by the actions of the parties the trial court could reasonably have found that Barrett either had control over or the right to control Stewart as a special agent in relation to the mobile home and as to any subsequent action taken on the original contract, and thus that Barrett was doing business by agent in Clarke County. For this reason I agree that the decision of the Court of Civil Appeals is due to be reversed and the cause remanded.