TORBERT, Chief Justice
(dissenting).
From the holding of the majority, that venue being proper in Houston County as to Dale Morris & Associates, Inc., it is proper as to all defendants, I respectfully dissent. The majority opinion in effect determines the venue rights of Alabama residents to be secondary to those of a foreign corporation not qualified to do business in this state. This is a result never intended by our statutes, case law, or Rules of Civil Procedure.
The instant case involves a multiparty action in which resident individual and corporate defendants are joined with non-resident individual and corporate defendants. Traditionally the joinder of claims and of parties in this state has been very limited; however, with the passage of the Alabama Rules of Civil Procedure and the consequent merger of law and equity, joinder has become much less restrictive. Rule 82(c), A.R. Civ.P., set forth in the majority opinion, covers venue where claims or parties are joined. It was designed to provide for a more liberal joinder policy than had previously existed in Alabama. Rule 82(c), A.R. Civ.P. (committee comments). I do not think, however, that this liberalizing policy was intended to be carried to the extent that the majority takes it today. Both the Alabama Constitution and the Code of Alabama provide that rules promulgated by this Court “shall not ... affect the jurisdiction of circuit and district courts or venue of actions therein.” Ala. Const, of 1901 amend. 328, § 6.11; Code 1975, § 12-2-7(4). Therefore, the only legal effect of the Rules of Civil Procedure is simply to set forth, and perhaps clarify, the statutes and case law of this state as to venue.
Embodied in Rule 82(c) is the general rule that venue good as to one defendant is good as to all. Roland Pugh Mining Co. v. Smith, 388 So.2d 977 (Ala.1980); Medical Service Administration v. Dickerson, 362 So.2d 906 (Ala.1978). This rule should not be absolute. It is subject to the limitation that a foreign corporation qualified to do business in the state can only be sued in a county in which it does business, regardless of whether it is sued jointly with someone in another county as to whom venue in that county is good. Ex Parte Western Union Telegraph Co., 200 Ala. 496, 76 So. 438 (1917); Alabama Warehousing Co. v. Hyatt, 26 Ala.App. 117, 154 So. 313 (1934). Also, this Court in Hodges v. General Shale Products Corp., 346 So.2d 416 (Ala.1977), overruling Van Dyke v. Battle, 1 Stewart 218 (Ala.1827), held that venue in a civil action against more than one defendant may be changed as to one defendant without changing venue as to all.
This case presents us with a confronta- ■ tion between two general principles of law *482 regarding venue. Dale Morris & Associates, Inc., is a Tennessee corporation not qualified to do business in the State of Alabama. The law in this state with respect to venue as to such a defendant is that a foreign, unqualified corporation doing business in the state may be sued in any county where service of process has been made. St. Mary’s Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 138 So. 834 (1931); Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441 (1960). In conflict with this rule is the law in this state with regard to venue in actions against resident individuals. Residents of this state have a right to be sued in suits ex-contractu in the county of their residence. Code 1975, § 6-3-2(a)(2); Rule 82(b)(1)(A). Four of the defendants joined in this action maintain permanent residences in DeKalb County, Alabama.
The majority found that Dale Morris & Associates, Inc. actually does business within the state and was properly served with process under A.R.Civ.P. 4.2(b)(1). Thus, venue as to it was proper in Houston County. The majority then applied Rule 82(c) to find venue proper as to all the defendants. Certainly the venue rights of residents are superior to those of a foreign corporation not qualified to do business in this state. As I stated in my dissent in Ex Parte Cummings, Gazaway & Scott, Inc., 386 So.2d 732 (1980) (Torbert, C.J. dissenting), “It is my opinion that the correct rule is that ‘One who resides in the state is not to be denied the right to be sued in the county wherein he resides by being joined with a defendant who is not a resident of the state, although the venue is proper as to such person.’ 92 C.J.S. Venue § 100 at 809 (1955).” Since non-resident individual defendants and unqualified foreign corporations are treated similarly, St. Mary’s Oil Engine Co. v. Jackson Ice & Fuel Co., supra; Rule 82(b)(2), A.R.Civ.P., that rule should be construed to mean that one who resides in the state is not to be denied the right to be sued in the county wherein he resides by being joined with a defendant which is a foreign corporation not qualified to do business in the state, although the venue is proper as to such corporation.
As we said in Jefferson County Savings Bank v. Carland, 195 Ala. 279, 282, 71 So. 126, 127 (1916), “The privilege, which a resident of this state has, of being sued in the county of his permanent residence, is personal to him.” The decision reached by the majority is not in accord with this statement and discriminates against our own residents. Alabama case law did not contemplate this unfair result, nor do I believe this Court intended such when it adopted the Rules of Civil Procedure.
The trial court, aside from denying the defendants’ original motion, had three alternatives: dismissal, which is not called for in this instance, transfer of the case as to all the defendants, or transfer of the case as to the defendants as to whom venue was improper. Hodges v. General Shale Products Corp., supra. I would grant the writ petitioned for and order the case transferred to the proper county, i.e., DeKalb, based upon the venue rights of our residents.